(82 South. 565)

McKENNEY v. STATE. (6 Div. 588.)

(Court of Appeals of Alabama. June 30, 1919.)

1. JURY ☐═66(6) — SELECTION OF JURY — VENIRE—SIZE OF PANEL.

In murder prosecution, where defendant in selection of a jury was required to strike from list containing 32 names, and where it does not appear that court did not impanel separately the regular jurors drawn and summoned for that week, but impaneled all regular and special for the trial of the capital cases set for trial for that week, and where it does not appear that any jurors were improperly excused and not thereafter again resummoned, court properly overruled defendant's motion not to be required to go to trial with the venire from which he was required to select his jury, under Jury Law 1909.

2. CRIMINAL LAW ☐═1141(1) — REVIEW — PRESUMPTIONS.

Appellate court will indulge every reasonable presumption in favor of the correctness of the action of trial court.

3. HOMICIDE ☐═163(1) — EVIDENCE — CHARACTER.

In murder prosecution, witness as to defendant's character should be confined to what he knows of defendant's character before the difficulty, and should not be permitted to testify as to what he has heard subsequent thereto.

4. HOMICIDE ☐═163(2) — EVIDENCE — CHARACTER OF DECEASED.

In murder prosecution, question as to general character of deceased was properly excluded, since inquiry should have been confined to character of deceased as a violent, turbulent, and blood-thirsty man.

5. HOMICIDE ☐═163(2) — EVIDENCE — CHARACTER OF DECEASED—PREDICATE.

In murder prosecution, where there was no proof going to show self-defense, there was no proper predicate laid for inquiry as to character of deceased, since inquiry as to deceased's character should be confined to his character as a violent, turbulent, and blood-thirsty man.

6. CRIMINAL LAW ☐═1134(6)—REVIEW — NEW TRIAL.

Where it does not appear that verdict and judgment were palpably wrong and unjust, appellate court will not disturb action of trial court in refusing to grant a new trial, whatever grounds the trial court may have put it upon.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

John McKenney was convicted of murder in the second degree, and he appeals. Affirmed.

Beddow & Oberdorfer and Roderick Beddow, all of Birmingham, for appellant.

J. Q. Smith, Atty. Gen., and Richard V. Evans, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted for murder in the first degree, was tried and convicted of murder in the second degree, from which judgment of conviction he appeals.

Counsel have assigned errors, and we will treat them in the order in which they are assigned and argued.

The first assignment (that the court erred in refusing to quash the venire) is not argued

or otherwise insisted upon, except in connection with the second assignment. It is enough to say that no fraud, or other sufficient grounds for quashing the venire is alleged or shown.

The second assignment is that the court was in error in overruling defendant's motion not to be required to go to trial with the venire from which he was required to select his jury for his trial. An examination of the record discloses a proper order for a venire of 99 jurors for the week beginning December 2, 1918, denoted as capital week. Also, the fact that, of the 45 regular jurors drawn for the week, 18 were returned not found. On November 23d, the court drew from the jury box the names of 72 jurors, who, with the 27 regular jurors drawn and summoned for the week beginning December 2d, should constitute the venire of 99, as ordered. Due service as required by law was had upon the defendant on November 27, 1918.

The record informs us that this case was called on December 2d, and passed to December 3d, when it was tried. The motion, which defendant complains of, was filed December 2d and overruled December 3d.

The defendant was required to strike from a list containing 32 names.

[1, 2] We pause to remark that it is one of the peculiarities of the 1909 jury law (Laws 1909 [Sp. Sess.] p. 305) that not less than 24 names are required from which to select a jury for the trial of misdemeanors, but only 20 in the case of a capital felony. So in this case the venire was not reduced below the minimum, and the ground of the motion fails of support in the record. From aught that appears in the record and the agreed statement of facts upon which the motion was tried, the court did not impanel separately the regular jurors drawn and summoned for that week, but impaneled all regular and special for the trial of the capital cases set for trial that week. It does not appear, therefore, that any were improperly excused and not thereafter again resummoned. The facts here differentiate this case from those cited by counsel for appellant, and bring this case within the influence of what was said in O'Rear v. State, 188 Ala. 71, 66 South. 81. We must also indulge every reasonable presumption as to the correctness of the action of the trial court.

The third assignment of error is in the following language:

"The court erred in sustaining the state's objection to the following question propounded to the defendant's witness P. L. Plemmons: 'Not that you know him, the deceased; you did not have to know him; do you know what the people said about him?'"

[3-5] The bill of exceptions discloses that the witness Plemmons had been speaking of the character of the defendant, and said:

"I did not know a thing in the world about him. I knew his brother all the time. I did not know really that the one I knew had a brother until this difficulty, and I heard these remarks since then."

Counsel for the state said, "We object to that." The court said, "Yes." Defendant's counsel asked the following question:

"Not that you know him; you did not have to know him; do you know what people said about him?"

If reference was had to the character of the defendant, the witness was confined to what he knew of that character before the difficulty, not what he had heard since that time. If the question was as to the general character of the deceased, the court properly excluded it as too general, since the inquiry should have been confined to the character of the deceased as a violent, turbulent, and blood-thirsty man. So far as the record discloses, there had been no proof going to show self-defense, and hence no proper predicate had been laid for an inquiry as to the character of the deceased.

Assignment 4 is the refusal of an explanatory charge, and is to be condemned as an argument, if not fully covered in the charges given; it was also invasive of the province of the jury.

The other refused charges were fully and substantially covered by written charges given, or by the oral charge of the court.

There was no error in the excerpt of the oral charge excepted to.

[6] It does not appear that the verdict and judgment were palpably wrong and unjust, and we will not therefore disturb the action of the trial court in refusing to grant a new trial, whatever grounds the trial court may have put it upon.

We have not been unmindful of our duty to scan the record carefully for any error, although we have treated only the assignments of error.

No error appearing, let the judgment be affirmed.

Affirmed.