HALES *v.* STATE.

(Division A.  Oct. 9, 1939.)

[191 So. 273.  No. 33707.]

414

**A. M. Edwards,** of Mendenhall, for appellant.

Mize & Mize, of Forest, for appellant.

416

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **F. F. Mize** and **A. M. Edwards**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted and convicted of a charge of false pretenses drawn under Section 921, Code 1930, the charge being that he mortgaged to the prosecuting witness a parcel of land in which the larger interest had previously been conveyed by him to another, etc. The indictment charged that as a part of this transaction, appellant received from the mortgagee the sum of $93.55, —there was no allegation of the receipt of property other than money. The proof shows that appellant did not receive any such sum or any part thereof either then or afterwards, but that the accused did later receive merchandise in the value of about forty dollars, which the prosecuting witness avers, in his testimony, was delivered

in pursuance of stipulations in the mortgage covering future supplies and advances. In brief, the indictment charged the receiving of money while the proof showed only the obtaining of merchandise. Objections were made to this proof when offered, and the objections were overruled.

Under this statute, as in other cases in false pretense, the indictment must describe the property obtained or received with the same reasonable certainty as is required in prosecutions for larceny, and the proof must correspond to the allegations. 25 C. J., pp. 631, 640; 1 Wharton Crim. Proc., Sec. 643. There are two reasons for this: first, that the accused may be informed of what is charged against him, so that he may be prepared to defend the charge as made; and, second, that he may not be subject to a second prosecution for the offense charged in the first indictment, if acquitted or convicted under that indictment.

For the reasons aforesaid, the correct rule is that the proof must establish the obtaining of the property charged in the indictment, not some other property; from which it follows that where, as here, the indictment charged the receiving of money, the case is not made out by proof that merchandise only was obtained. The rule is strikingly illustrated by those cases which hold that when money is charged to have been received, the conviction is not sustained by proof that a bank check was delivered. See, for instance, McKenney v. State, 17 Ala. App. 117, 82 So. 565; Bates v. State, 124 Wis. 612, 103 N. W. 251, 4 Ann. Cas. 365.

There is a grave question under the record as now before us whether the evidence does not so strongly preponderate against the verdict on the issue of the knowledge on the part of the prosecuting witness, or of notice sufficient to constitute knowledge, as to the state of the title of the property mortgaged, that the conviction should be set aside also on that ground; but this was not assigned as a ground in the motion for a new trial, and hence cannot avail on appeal. Inasmuch as the judgment

must be reversed and remanded for a new trial for the reason first above discussed, we pretermit decision on the several other points argued, as they are not likely to again arise in the case.

Reversed and remanded.