(Division B. May 10, 1943.)

[13 So. (2d) 621. No. 35207.]

**D. W. Holmes**, of Hattiesburg, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Argued orally by A. A. Hearst and D. W. Holmes, for appellant, and by R. O. Arrington, for appellee.

Anderson, P. J., delivered the opinion of the court.

Appellant, Fry, a soldier, was charged and convicted of the crime of rape. The jury fixed the punishment at life imprisonment, and judgment was accordingly entered. From that judgment appellant prosecutes this appeal.

On the night of June 20, 1942, appellant raped a seventeen-year-old girl, Bonnie Grace Bufkin. As will hereafter be shown, the charge was proven without any substantial conflict in the evidence; for that reason we start out by stating that he was guilty.

It is contended that the indictment was void, because it failed to charge that the rape was maliciously committed. There is no merit in this contention. The indictment was drawn under Section 1122 of the Code of 1930, which contains no such requirement. In Cummins v. State, 144 Miss. 634, at page 639, 110 So. 206, the court upheld an indictment in substantially the same language. The word "malicious" was not in it. It is hardly conceivable that a man raping a woman would have any malice toward her. The authorities relied on by the appellant appear all to be homicide and arson cases. The court held in those cases that the charge of malice was indispensable. Those decisions have nothing to do with a rape case.

Appellant contends that the court erred in overruling his motion for a new trial, based on alleged improper argument by the District Attorney. Appellant's counsel presented to the trial judge a special bill of exceptions, setting out, in substance, that the District Attorney, in his closing argument to the jury, commented on the failure of the appellant to testify in the case. The trial judge refused to sign the special bill of exceptions on the ground that being otherwise engaged he did not hear the closing

argument of the District Attorney. Thereupon counsel had two members of the bar to sign the bill of exceptions under authority of Section 590, Code of 1930. The state then procured the affidavits of all twelve of the jurors and the District Attorney and the County Attorney denying that the District Attorney made any such argument to the jury. We do not pass on the question of whether or not a special bill of exceptions signed by attorneys, as this was, can be contradicted in that manner. For the sake of the argument, we proceed on the idea that it cannot be done. Such a comment by the District Attorney in this case was harmless error, for the reason, as stated, there was no substantial conflict in the evidence as to the guilt of the appellant. The rape was committed, at night, in a bicycle shed back of the Walthall Public School in the City of Hattiesburg. The girl testified that Fry raped her. Two policemen "cruising the city" caught the appellant in the very act of rape. The evidence was corroborated by two other witnesses who did not see the rape, but testified to circumstances strongly indicating that it had taken place. In addition, before the trial, the appellant voluntarily admitted his guilt to an officer who testified to such admission. The only other evidence in the case of any importance was that of three physicians, all of whom had examined the girl after the rape. Two of these gave as their opinions that she had not been raped; the other one gave as his opinion that she had.

In House v. State, 121 Miss. 436, 83 So. 611, the court held that where on a trial for murder the guilt of the defendant was manifest from the evidence and the jury under their oaths could not have arrived at any other verdict than that of guilty, it was not reversible error for the District Attorney in his argument to comment on the fact that the defendant did not testify, although such comment was in violation of Section 1918 of the Code of 1906 (same as present statute sec. 1530). This is the same character of case as that as far as the question here involved is concerned. Mere conflicting opinions of phys-

icians could not overcome facts proven without conflict. Putting it differently: If a directed verdict of guilty were permissible in a criminal case under the evidence in this case the state would have been entitled to a directed verdict of guilty.

The other questions assigned and argued are not of sufficient merit to call for discussion by the court.

Affirméd.