ROBERTSON, Presiding Justice,
for the Court:
Thomas Berry was found guilty, by a jury in the Circuit Court of Jackson County, of murdering his wife, Helen Berry, by shooting her in the back with a rifle. He was sentenced by the Court to life imprisonment.
Three eyewitnesses testified to the actual shooting, and several witnesses testified to threats made by the defendant on the life of his wife. The defendant did not take the stand, but produced two witnesses who testified as to his character only.
Briefly, these were the facts: Mrs. Helen Berry, with their eight children, moved in with her sister about a month before the shooting when the defendant threatened that “her blood was going to run all over that hall of that trailer.” On the Monday before the shooting on Friday afternoon, October 14,1977, Berry went to the home of his sister-in-law and threatened to kill his wife and his sister-in-law. The defendant pointed the pistol at his wife’s head, made her get down on her knees and beg for her life.
On Friday afternoon, October 14th, Berry returned to his sister-in-law’s house and there confronted Mrs. Berry and tried to give her money which she refused to take. She ran to the bedroom and locked the door, but Berry began beating on the door with his rifle.
Dianne Berry, their 15-year-old daughter, testified that she struggled with her father to get the rifle and it discharged. She feigned being wounded in the hand to distract him, but Berry ignored her and broke open the bedroom door. Mrs. Berry had climbed out the window, so Berry went out the front door after her. Mrs. Berry, with one small child clinging to her, ran with her other children through the woods and down the road away from the defendant. As Mrs. Berry fled, shouting to the defendant to please not shoot her, the defendant fired one shot which struck the victim in the back, pierced her right lung and existed from the front right chest. The cause of death was massive internal hemorrhage from the bullet wound.
The defense on cross-examination attempted to show that defendant’s actions were motivated by jealousy. Sam Easter-ling, a neighbor and friend, testified that Berry was jealous and emotionally upset because he believed Mrs. Berry was seeing other men. Berry, usually when he was drunk, accused his wife of seeing other men, but the uncontradicted testimony was that Mrs. Berry had not been dating or seeing any other man.
The defendant has assigned as error:
I.The court erred in failing to appoint a mutually agreeable psychiatrist to examine the defendant and testify.
II.The court erred in overruling two of defense counsel’s objections to four leading questions prosecuting attorney asked a state’s witness.
III.The court erred in overruling four motions for a mistrial made when the prosecutor, by implication and innuendo, referred during his closing statement to the defendant’s failure to testify.
On the suggestion of insanity made by defense counsel, the trial court appointed Dr. William D. Bridges and Dr. Lee, *229 public health officer, to examine the defendant “as to his mental capacity to know right from wrong and to aid his counsel in preparing to defend himself against the charge of murder.” The order required that a copy of the doctors’ report be furnished to the court, the district attorney’s office, and the office of the public defender, who were defending Berry. No objection was made by defense counsel to the appointment of these two doctors. In fact, the record does not contain their report nor any mention of it, nor any objection whatsoever to the omission of the report.
In Branch v. State, 347 So.2d 957 (Miss.1977), we said:
“It is the appellant’s duty to see that all matters necessary to his appeal, such as exhibits, witnesses’ testimony, and so forth, are included in the record, and he may not complain of his own failure in that regard. The Supreme Court may only act on the record presented to it.” 347 So.2d at 958. (Emphasis added).
There is no merit in this assignment of error.
In his next assignment of error, Berry contends that four leading questions were asked and the trial court erred in overruling objections to two of the questions. The questions were asked of Sam Easterling, a neighbor, and concerned the defendant’s drinking habits and previous threats on the life of his wife. The trial court sustained objections to two of the questions and overruled the objection that the other two questions were leading. Testimony had already been adduced about Berry’s drinking habits and previous threats to his wife.
In Seals v. St. Regis Paper Company, 236 So.2d 388 (Miss.1970), we said:
“The rule is that the trial court, in its discretion, may allow leading questions, and unless there has been abuse of this discretion to the prejudice of the complaining party it is not reversible error. Summerville v. State, 207 Miss. 54, 41 So.2d 377 (1949).” 236 So.2d at 392.
The court did not abuse its discretion in overruling objections to two of the questions.
In his third assignment of error, Berry contends that the court erred in failing to sustain a motion for a mistrial when the district attorney made comments on the defendant’s failure to testify.
The remarks complained of were these:
“Not one shred of evidence have you heard of any provocation or anything she did. ...”
“I submit to you that you haven’t heard one bit of evidence from this stand today that this woman ever . .
“You have heard all the witnesses that testified from this witness stand, and you have not heard one single solitary one tell you anything which this woman who died did to this man. . . . Not one witness has told you that they ever saw Mrs. Berry do one single solitary thing except leave home when she couldn’t live with her husband any longer.”
Throughout the state’s case, defense counsel, in cross-examining, attempted without success to show that the victim, Mrs. Berry, was dating and seeing other men. In our opinion, the district attorney’s comments were directed to these unsuccessful attempts to prove unfaithfulness on Mrs. Berry’s part. They were not on defendant’s failure to testify.
Even if the prosecuting attorney’s comments were in error, the decisions of this Court would not require reversal because:
“[T]he guilt of defendant was so manifest that no fair jury could have returned a verdict other than guilty.” Chatman v. State, 244 Miss. 659, 669, 145 So.2d 707, 710 (1962).
See also: Martin v. State, 200 Miss. 142, 26 So.2d 169 (1946); and Fry v. State, 194 Miss. 603, 13 So.2d 621 (1943).
The testimony of three eyewitnesses to the actual shooting and the testimony of several witnesses as to threats made by the defendant to his wife, was uncontradicted. The guilt of the defendant was so manifest that no fair jury could have returned a verdict other than guilty.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.
*230 PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.