Syllabus.

STATE vs. EUGENE W. LUFF.

*Attempt by False Pretense—Insurance Against Burglary—Proof of Loss—Pretense that Property Insured had been Stolen— Evidence.*

1.   A false pretense is such a fraudulent representation of a fact, past or existing, by a person who knew it to be untrue as is adapted to induce the person, to whom it is made, to part with something of value.

2. In a prosecution for an attempt to obtain money by false pretenses it is incumbent on the State to prove, beyond a reasonable doubt, that the accused knowingly made the false pretenses with which he may be charged, with the intent to cheat and defraud.

3.   The gist of the charge of an attempt to obtain money by false pretenses, is the intent to deceive and defraud the person to whom the false pretenses were knowingly made.

4.   The intent to cheat and defraud is a material element in the crime of false pretense, and it must be proved.   It may be proved by direct or circumstantial evidence.

5.   When the evidence is circumstantial, the jury must be fully satisfied, not only that those circumstances are consistent with the prisoners' having committed the act charged as constituting the crime, but they must also be satisfied that the facts are such as to be inconsistent with any other rational conclusion.

6.   It is incumbent upon the State to prove every material element of the crime charged, beyond a reasonable doubt.

7.   An accused is presumed to be innocent until his guilt is clearly established.

8.   Reasonable doubt defined.

(*January* 13, 1910.)

Judges CONRAD and WOOLLEY, sitting.

*Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*Howell S. England* and *Levin Irving Handy* for the defendant.

Court of General Sessions, New Castle County, January Term, 1910.

INDICTMENT FOR ATTEMPTING TO OBTAIN MONEY BY FALSE PRETENSES (No. 94, November Term, 1909).

CONRAD, J., charging the jury:

Gentlemen of the jury:—The defendant, Eugene W. Luff, in this indictment is charged with attempting, on May 17, 1909, by false pretense, to obtain from the American Bonding Company of Baltimore, the sum of $1495.00 claimed by the defendant to be due to him for certain articles of personal property claimed to have been stolen from him by burglars, who, it is claimed by the defendant, entered his dwelling house in Brandywine Hundred, in this county, on the night of May 15, 1909.

The claim of the defendant is based upon a certain proof of loss, made and sworn to by the defendant on the seventeenth day of May, 1909, (a copy of which is attached to the indictment) in which the articles alleged to have been stolen are specified. This proof of loss was based upon a policy of insurance issued by the American Bonding Company of Baltimore, to Eugene W. Luff, under date of May 1, 1909, whereby said company agreed to indemnify said Eugene W. Luff, in the sum of $2,000.00 for the term of one year for direct loss by burglary, theft or larceny of personal property contained in the dwelling house of the assured, located near Talleyville in Brandywine Hundred, in this county.

The indictment avers that the defendant, on the seventeenth day of May, 1909, designing and intending to cheat and defraud the American Bonding Company of Baltimore, of its goods, chattels and property unlawfully, knowingly and designedly did then and there falsely pretend to the said American Bonding Company that on the fifteenth day of May, 1909, at about ten o'clock in the post noon, the premises occupied by the defendant were entered by burglars and that said burglars stole from said premises certain money and articles of personal property amounting in value

to the sum of $1495.00, whereas, in truth and in fact the said money and articles of personal property were not on the day and at the time aforesaid stolen by burglars from said premises as so falsely pretended as he, the said Eugene W. Luff, well knew.

The important and vital questions for you to consider and determine are (1) whether the defendant at the time the alleged false claim was filed with the Bonding Company, knew that it was a false claim, and (2) whether it was presented by him with the intent to deceive and defraud the Bonding Company. This is the charge contained in the indictment found in this case, and this is the specific offense charged in this case.

A false pretense has been defined to be "such a fraudulent representation of a fact, past or existing, by a person who knew it to be untrue as is adapted to induce the person to whom it is made to part with something of value."

In order to find the defendant guilty under this indictment, you must be satisfied beyond a reasonable doubt (1) that the defendant knowingly made a false pretense; that is, that he presented to the American Bonding Company on the seventeenth day of May of last year, a false claim, he himself knowing at the time that such claim was false, and (2) you must be also satisfied, beyond a reasonable doubt, that the claim was presented by the defendant with intent to cheat and defraud the American Bonding Company.

The gist of the charge in this case is the intent to deceive and defraud the American Bonding Company by means of the alleged false claim, known as the proof of loss, presented to the company on May 17, 1909. The *intent* therefore is the important and material element of the case. It is not a presumption of law, but the material fact, and must be proved by the State to your satisfaction. But it is not essential that such intent be proved by direct testimony. It may be proved by circumstantial evidence, and the jury may therefore consider any statements and acts of the defendant, and any other facts and circumstances disclosed by the evidence, which in their judgment show the existence of such intent.

Experience has established the necessity on the part of courts of admitting and relying upon circumstantial evidence in the trial of both civil and criminal causes, and such evidence is none the less effective because it is circumstantial if the chain of circumstances shown is connected, consistent and conclusive. Crime usually seeks secrecy and but few crimes can be established by direct testimony. As has been said in a recent charge delivered in this Court, "The universal experience of those engaged in the administration of justice shows the absolute necessity of admitting evidence of a circumstantial character and relying upon it in forming our conclusions in regard to the guilt or innocence of the accused person; but circumstantial evidence, to warrant a conviction must be entirely satisfactory, and of such significance, consistency and force as to produce conviction in the minds of the jury of the guilt of the accused beyond a reasonable doubt. Where the evidence is circumstantial, the jury must be fully satisfied, not only that those circumstances are consistent with the prisoner's having committed the act charged as constituting the crime, but they must also be satisfied that the facts are such as to be inconsistent with any other rational conclusion. They must be such as to exclude any other reasonable hypothesis or conclusion."

Of the circumstances and facts proved by the witnesses in this case, as well as the credit to be given to each witness, you are the sole judges. In reaching your verdict you must be governed exclusively by the evidence in this case.

The claim presented to the Bonding Company must not only have been false in fact, but false to the knowledge of the defendant, otherwise there can be no conviction.

To justify a verdict of conviction the State must show to you that the defendant attempted to obtain money from the Bonding Company by falsely pretending by his proof of loss, either that he had lost, by burglars, one or some of the articles therein mentioned, when in fact there had been no burglary; or that he had lost one or some of the articles therein mentioned by a real burglary, when, in fact, he did not have such articles to be taken.

But we do charge you that in determining whether the defen-

dant did make a false pretense, that is, did know that the claim presented to the Bonding Company was false, you may consider any acts or declarations of the defendant.

So that if you believe that the claim was a false one, and that the defendant knew that the claim was false at the time it was prepared and presented to the Bonding Company, that would constitute a false pretense on the part of the defendant; and if you further believe that the defendant intended by means of such false claim to deceive and defraud the Bonding Company, your verdict should be guilty. But if you are not satisfied from the evidence in this case beyond a reasonable doubt that the defendant actually knew that the claim presented to the Bonding Company on May 17, 1909, was false, and also that it was his intent by means of such claim to cheat, deceive and defraud the Bonding Company, your verdict should be not guilty.

It is necessary for the State to prove every material element of the charge against the defendant to your satisfaction, beyond a reasonable doubt, because every defendant in a criminal case is presumed to be innocent until his guilt is clearly established. But a reasonable doubt should be what the word itself implies,— reasonable; not a vague, fanciful or possible doubt, but a reasonable doubt growing out of the evidence and such as conscientious men would entertain after a fair and impartial consideration of the evidence beefore them.

Verdict, guilty with a recommendation to mercy.