## STATE OF MISSISSIPPI v. MARSHALL J. TATUM.

### [50 South. 490.]

1. CRIMINAL LAW AND PROCEDURE. *False pretenses. Indictment. Written. instrument.*

   Where alleged false pretenses consist wholly or in part of the use of a written instrument, the writing need not be set out in the indictment *in hæc verba,* unless some question turns on the form or construction of the instrument, or some legal description of it is given, the accuracy of which may be material for the court to determine.

2. SAME. *Same. Value of money.*

   An allegation that by certain false pretenses defendant obtained from prosecutor six hundred dollars in money sufficiently charges the value of the money obtained.

3. SAME. *Same. Persons defrauded. Partnership.*

   Where a partnership is charged to have been defrauded by defendant's false pretenses, the indictment must charge the Christian and surname of the individuals composing the partnership, or plead a proper excuse for the omission.

FROM the circuit court of Newton county.

HON JAMES R. BYRD, Judge.

Tatum, appellee, was indicted for obtaining money under false pretenses. He demurred to the indictment, his demurrer was sustained, the indictment adjudged insufficient, final judgment was rendered for defendant and the state appealed to the supreme court. The opinion of the court sufficiently states the averments of the indictment and presents the points decided.

*George Butler,* assistant attorney-general for appellant.

It will be noted that the indictment does not purport to allege that the property was procured by means of putting off as true a

false and fraudulent written instrument. If so, the instrument should have been set out in the indictment. The basis of the charge is that defendant falsely and fraudulently pretended, by means of letters and otherwise, that he had in his possession thirty-two head of young steers. The crime was not predicated of the writing. The writing did not form the basis of it, but the offense is predicated of fraudulent and false representations contained in the writing. This being true, it was not necessary that the writing be set out *in hæc verba;* 2 Bishop, Criminal Law, 178; 19 Cyc. 424; *White v. State,* 3 Tex. App. 605; *State v. Lehman,* 8 Blackf. 330; *Watson v. State,* 156 Ind. 631; *State v. Coldwell,* 79 Iowa, 473; *State v. Baker,* 57 Kan. 541.

The rule is generally laid down that the description of and the value of the property in this class of cases must conform to the allegations in an indictment for larceny. Under Code, § 1436, it is sufficient if the property be described in general terms, as money, etc., and there can be no question about the sufficiency of the description of the property, $600 in money. 19 Cyc. 433; *Com. v. Lincoln,* 11 Allen (Mass.), 233; *State v. Knowlton,* 11 Wash. 512; *State v. Reese,* 83 N. C. 637; *Baker v. State,* 31 Ohio St. 314.

Money, itself being a measure of value, can not be rendered more definite by averment of value. This court expressly ruled in *Richberger v. State,* 90 Miss. 806, 44 South. 772, in an embezzlement case, that it was not necessary to allege the value of money charged to have been embezzled.

The reason of the rule would apply also to the present case, and it has been by certain courts.

Hence, it has been held that the allegation that defendant obtained "sixty-five dollars in money" by false pretenses is sufficiently certain without alleging the value of the money. *Oliver v. State,* 37 Ala. 134; *People v. Millan,* 106 Cal. 320; *People v. Stetson,* 4 Barb. (N. Y.) 15; *State v. Gillespie,* 80 N. C.

396; *People v. Jefferey,* 82 Hun (N. Y.), 409; *People v. Higbie,* 56 Barb. (N. Y.) 131; *State v. Dorr,* 33 Me. 498; *State v. Reese,* 83 N. C. 637.

According to modern decisions, it was not necessary to aver the value of money. 8 Ency. Plead. & Prac. 875.

*George C. Tann,* for appellee.

The indictment fails to allege the value of the property. It alleges that the defendant did then and there feloniously, unlawfully, designedly, and falsely obtain from the said Aycock Frank Alvis Company $600 in money. The indictment should have charged or showed that it was lawful money. We believe this is necessary under the authorities 19 Cyc. 433.

Instruments such as letters are not included nor intended to be included in Code 1906, § 1430. Does the common law require letters to be set out *in hæc verba?* Not as a general rule. But in this instance the whole act that is alleged to have constituted the false pretense is contained in the letters, under any reasonable construction of the indictment. Then, according to the rules of pleading, the letters should have been set out by their tenor, to enable the court to say whether they did constitute a false pretense if the statements therein were untrue, to give the defendant reasonable notice of the particulars of the charge that he may prepare his defense; and to identify the offense that the defendant may plead an acquittal or conviction in bar of any subsequent prosecution.

Under the indictment it is impossible to say whether the firm of Aycock Frank Alvis Company is composed of one man or three. If more than one, their Christian names are not given, which should be done if known. If not known the indictment should have so stated.

SMITH, J., delivered the opinion of the court.

Appellee was indicted in the court below for obtaining money under false pretenses. This indictment was demurred to, and

from a judgment sustaining the demurrer, and quashing the indictment, this appeal is taken by the state.

The allegations of the indictment necessary to be here considered are as follows: First, "did then and there falsely and feloniously pretend, by means of letters and otherwise, to the said Aycock Frank Alvis Company that the said M. J. Tatum had in his possession," etc.; and, second, "did * * * obtain from the said Aycock Frank Alvis Company six hundred dollars in money," etc.; and, "intending to cheat and defraud Aycock Frank Alvis Company, a partnership composed of Aycock Frank Alvis, doing business in New Orleans, Louisiana," etc. The three grounds of demurrer necessary to be herein considered are: Because said indictment fails to allege or charge the value of the property alleged to have been obtained by the defendant; because the indictment fails to set forth the contents of the letters alleged to have been used for the purpose of procuring the money alleged in said indictment; because the indictment fails to give or set forth the proper names of the persons composing the firm of Aycock Frank Alvis Company.

The first two of these grounds are wholly untenable. "When the false pretense is in writing, or consists wholly or in part in the use of a written instrument, the writing need not be set out *in hæc verba*. It is sufficient, as in the case of a verbal pretense, to set out the purport of it, unless some question turns on the form or construction of the instrument, or some legal description of it is given in the indictment, the accuracy of which it may be material for the court to determine." 19 Cyc. 424, 425, and authorities there cited. The allegation that appellant obtained from the said Aycock Frank Alvis Company $600 in money is a sufficient allegation of the value thereof. *Oliver v. State*, 37 Ala. 134; *People v. Millan*, 106 Cal. 320, 39 Pac. 605; 8 En. Pl. & Pr. 875.

The indictment, however, failed to allege the names of the

individual persons composing the partnership. The name of the party defrauded must be set out, as a means of identifying the offense charged; and this allegation is as essential in false pretenses as it is in larceny. McClain on Crim. Law, vol. 1, § 707. Where the persons defrauded compose a partnership, the indictment must allege both the Christian name and surname of the individuals composing the same, or a proper excuse be given for not so doing. 2 Bishop, Criminal Pr. § 718.

The demurrer, therefore, was properly sustained.

*Affirmed.*