WILSON *v.* STATE.

In Banc. Oct. 11, 1948.

(37 So. (2d) 19)

**Dyer & Campbell,** for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Smith, J.

Appellant was indicted for forgery by the grand jury of Washington County. Upon conviction, she appealed to this Court. The paper writing, the signature to which she allegedly forged, was a check in the amount of $110.30, payable to Sam Stein Company, for merchandise and cash in consideration thereof. It was drawn on the Greenville Bank & Trust Company, and the name charged to have been forged was Johnnie Sadler.

Several errors have been assigned, because of which appellant seeks a new trial, and we deem three worthy of comment and decision. The indictment charged that Sam Stein Company was a ''partnership composed of Jake Stein, Joe Stein, Julius Shurman and other persons to the grand jurors unknown.'' This firm was doing business in Greenville at the time the indictment was returned, and the court was in session in said city. Witnesses could easily have been procured to reveal the names of all of the members of that firm. The evidence at

the trial disclosed that this co-partnership, in addition to the members listed in the indictment, included also Freda Stein, Mrs. Julius Sherman, Mrs. Sam Stein, Bernard Stein, and Mrs. Fannie Stein. There was thus developed a variance between the proof and the indictment, the appellant contends here, as she did below. The court overruled her motion for a directed verdict because of this situation, the State did not amend, and conviction of the charge resulted.

The attorney general cites Sec. 2452, Code 1942, dealing with amending an indictment of a defendant, whose name was then unknown, to substitute his name, upon subsequent ascertainment thereof. Attention is also called to several cases authorizing amendments to indictments in order to insert known for unknown parties, such as Peebles v. State, 55 Miss. 434. Slade v. State, Miss., 119 So. 355; McGuire v. State, 91 Miss. 151, 44 So. 802. None of the citations are in point here, because the State made no request for such amendment and none was made.

The names of all of the members of this co-partnership were necessary to the charge in the indictment. Appellant calls to our attention 27 Am. Jur., Sec. 183, Indictment and Information. It seems to us this variance was prejudicial to appellant, as depriving her of the "right to be protected against another prosecution for the same offense." Sec. 178, 27 Am. Jur., Indictment and Information. Also, Berger v. United States, 295 U. S. 78-79, 55 S. Ct. 629, 79 L. Ed. 1314. This Court, in a false pretense case, declared that "The indictment, however, failed to allege the names of the individual persons composing the partnership. The name of the party defrauded must be set out, as a means of identifying the offense charged; and this allegation is as essential in false pretenses as it is in larceny. McClain on Crim. Law, Vol. 1, Sec. 707. Where the persons defrauded compose a partnership, the indictment must allege both the Christian and surname of the individuals composing the same, or

a proper excuse given for not so doing. 2 Bishop, Crim. Pr., Sec. 718.'' State v. Tatum, 96 Miss. 430, 50 So. 490. The indictment at bar, therefore, was defective but amendable, but never amended as to this matter. We sustain this assignment of error, but remand the case for a new trial to be had after such amendment has been made.

The defense of appellant was that Johnnie Sadler was her common-law husband, and authorized her to draw on his bank account. He denied such authorization, and that he was appellant's common-law husband. When he was offered by the State as a witness against her, she objected that he was incompetent as a witness because of such relationship; requested, and was denied a full preliminary investigation of that question in the absence of the jury. We think this was reversible error. The competency of husband and wife as witnesses against each other is governed by Sec. 1689, Code 1942.

It may be said that there are at least two instances which the statute does not embrace within its disqualifying effect in criminal cases. Assault and battery committed by the husband upon the body of the wife is one; non-support of the wife and family is another; McRae v. State, 104 Miss. 861, 61 So. 977. However, in State v. McMullins, 156 Miss. 663, 126 So. 662, 663, the appellant was indicted for the crime of arson, and charged with burning a building belonging to, and at night usually occupied by her husband, we said that ''We are of the opinion that it is not an offense against the husband in the nature of an assault upon him to destroy his property by burning or otherwise. An injury, or destruction, of property is not an injury to the person but an injury to the property and property rights, and distinguished from person and personal rights.'' The competency of witnesses, as well as of evidence, is a matter for the court to decide, and in this case the request for a preliminary investigation should have been granted. If Johnnie

Sadler were the common-law husband, under the requirements of the law in this State defining the legal essentials of such a status, he would not be a competent witness against appellant, his wife, in this case. If it developed that he bore no such relation to her, he was competent as a witness against her. ▉▉ The denial of this motion for a preliminary hearing on this issue was prejudicial error for which the case must be reversed and remanded for a new trial.

▉▉ The court instructed the jury for the State that if they believed from the evidence beyond every reasonable doubt that the defendant was guilty as charged in the indictment that they should convict her. There was no other instruction for the State, or the defense, informing the jury of the elements of the crime of forgery. Such an instruction has been several times condemned by this Court, a recent case being Ellis v. State, — Miss. —, 33 So. (2d) 838. The jury was not informed of the elements of the crime for which they were trying the appellant. Instead, the jury was referred to the indictment in this case, thereby being required to construe it. This instruction, standing alone as it did, therefore, was reversible error.

The judgment of the trial court is reversed, and the cause remanded for a new trial, in harmony with our views here expressed.

Reversed and remanded.