HAYS v. STATE.

In Banc. Dec. 12, 1949

No. 37279 (43 So. (2d) 206)

**Pittman & Pittman,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant was indicted by the grand jury of Forrest County on a charge of forgery of an American Express Travelers check for $100.00, that had been issued by the Express Company to W. J. Putcamp, ". . . with intent to injure and defraud Billups Petroleum Corporation, W. J. Putcamp, American Express Company, a corporation, and some person or persons to the grand jurors unknown . . .".

The proof for the State was that the travelers check was payable to W. J. Putcamp and that appellant signed the name "W. J. Putcamp" on the travelers check in the presence of one Edward G. Roberts, an employee of the Billups Petroleum Corporation at its Forrest County Oil Company Station No. 2, on Main Street in the City of Hattiesburg, Forrest County, Mississippi, and that the said Edward G. Roberts then cashed the check for appellant and the appellant deposited $50.00 of said sum as a payment on a 1000 by 20-12 ply truck tire, for which he was given a receipt, and the remaining $50.00 was paid over to appellant in cash.

On the question of the ownership of the money used in cashing the check, we quote the following testimony of Edward G. Roberts: "Q. Whose money was that? A. It was Billups Petroleum Corporation's.

"Q. Is the Billups Petroleum Company owned by individuals or a corporation? A. Three brothers own it.

"Q. Is it a corporation or partnership? A. It is a partnership between the three brothers."

This is all the evidence in the record on the ownership of the property.

 Fraudulent intent is of the essence of forgery and is expressed in our forgery statutes. 23 Am. Jur. p. 688, Sec. 30. Harrington v. State, 54 Miss. 490; Gates v. State, 71 Miss. 874, 16 So. 342. To support a conviction it is necessary that the fraudulent intent be proven as laid in the indictment. Eldridge v. State, 76 Miss. 353, 24 So. 313. The name of the party defrauded must be set out in the indictment as a means of identifying the offense charged and as a protection against another prosecution for the same offense. When the property is alleged to be that of a named corporation there must be proof that such company is in fact a corporation. 27 Am. Jur. p. 729, Sec. 184; State v. Tatum, 96 Miss. 430, 50 So. 490. The most recent pronouncement upon this question is Wilson v. State, 204 Miss. 111, 37 So. (2d) 19, which, in our judgment, is decisive of the question here.

There was no attempt made in the lower court to amend the indictment, though amendable under Section 2532, Code of 1942. The variance between the indictment and the proof, in this regard, is fatal and the conviction cannot be allowed to stand. Accordingly the judgment of the lower court is reversed and the cause is remanded for a new trial.

Reversed and remanded.