STATE OF DELAWARE v. WILLIAM JOSEPH HUDSON.

(*October* 1, 1952.)

HERRMANN, J., sitting.

*Januar D. Bove, Jr.*, Deputy Attorney-General, for the State.

*David B. Coxe, Jr.*, for the Defendant.

Superior Court for New Castle County, Nos. 82, 83, 84 and 86, January Term, 1952.

HERRMANN, J.:

The defendant was tried upon four indictments charging forgeries of checks which were made payable to the order of Robert E. Mitchell.

Each indictment alleged that the defendant forged a check with intent to defraud Robert E. Mitchell. At the close of the State's evidence, the defendant moved for judgment of acquittal on the ground that the State presented no evidence in support of the allegation of intent to defraud Mitchell. This motion was denied. The jury found the defendant guilty on all four charges.

In support of the motion for new trial, the defendant renews the contention that there was no evidence of intent to defraud Mitchell. The lack of such evidence is conceded. It appears that the name of the payee, Robert E. Mitchell, was fictitious and that each check was cashed at a bank by a co-defendant who forged the endorsement of the fictitious payee.

The State contends that, in a forgery case, it is not necessary to allege and prove that the defendant intended to defraud any particular person. The State asserts that the name of Robert E. Mitchell in the indictments was surplusage and that there was no fatal deficiency by reason of the failure of the proof to conform to the indictment in this respect.

The question of whether an indictment for forgery must contain the name of the particular person whom the defendant intended to defraud is an open one in this State. The authorities elsewhere are in conflict with regard to that question. In the absence of a statute to the contrary, the prevailing rule is the common law rule that it is necessary, in an indictment for forgery, to allege the name of the particular person intended to be defrauded or to state that the name is to the grand jury unknown. 23 *Am. Jur. "Forgery"* § 43; 1 *Wharton's Criminal Procedure* (10th Ed.) § 668. It appears that the majority of the States have changed this rule by statute so that an indictment for forgery may be sufficient if it charges generally an intent to defraud, without specifying the person intended to be defrauded. *State of Iowa v. Weaver*, 149 *Iowa* 403, 128 *N. W.* 559, 31 *L. R. A., N. S.*, at pages 1049, 1050; 23 *Am. Jur. "Forgery"* § 43. We have no such statute in this State. Our forgery Statute makes

intent to defraud an essential element of the crime.[1] This Court has held that such intent must be alleged in the indictment, *State v. Hegeman,* 2 *Penn.* 143, 44 *A.* 623, but the necessity of specifying the name of the intended victim of the fraud was not there decided. It has been held elsewhere, under a statute substantially similar to ours, that an indictment for forgery is sufficient if the allegation of intent to defraud is general and in the language of the statute. *State v. Wahl,* 118 *Kan.* 771, 236 *P.* 652.

It would be interesting to explore the question of whether, in a forgery case, a general charge of intent to defraud in the language of the statute would "plainly and fully" inform the accused "of the nature and cause of the accusation against him", as is required by Article I, Section 7 of our State Constitution. See *State v. Donovan,* 5 *Boyce* 40, 90 *A.* 220; *State v. Adair,* 4 *W. W. Harr.* 585, 156 *A.* 358; *State v. Vandenburg,* 9 *W. W. Harr.* 498, 2 *A.* 2d 916. I am not required to decide that question, however, for, in my opinion, the State is not aided in the instant case whatever the answer to it may be. Unquestionably, there is a fatal failure of proof if the identification of the person whom the defendant intended to defraud was a necessary averment. It is elementary that the State must adduce proof which conforms to the necessary material allegations of the indictment. E. g., *State v. Luff,* 1 *Boyce* 152, 74 *A.* 1079; *Hays v. State,* 207 *Miss.* 748, 43 *So.* 2d 206; 37 *C. J. S., Forgery,* § 67. I am of the opinion that there is no less a deficiency of proof if it were not necessary to allege the name of the person intended to be defrauded. Though it may not have been necessary to do so, the allegation that the defendant intended to defraud Mitchell was included in each indictment and became a material averment thereof. This being so, I think that the State was obliged to prove

---

[1]*Code* 1935, § 5242:
"Whoever, with intent to defraud, shall falsely make, forge, or counterfeit any instrument, or writing, purporting to be a promissory note, bill of exchange, cheque, order, * * * for the payment of money * * * shall be deemed guilty of felony * * *."

the allegation. The defendant entered his plea to each indictment as written and issue was joined thereupon. The defendant was entitled to be tried only for the charges made against him and on the issues presented by his plea of not guilty. *State v. Groos,* 110 *Conn.* 403, 148 *A.* 350.

In Missouri, by reason of statute, it is not necessary in a forgery indictment to allege the name of the person whom the defendant intended to defraud. It has been held there, nevertheless, that where the indictment contained the name of a particular person intended to be defrauded, it was fatal if the State failed to prove that allegation. In *State v. Samuels,* 144 *Mo.* 68, 45 *S. W.* 1088, 1089, the Supreme Court of Missouri stated:

> "* * *. But although it was wholly unnecessary for the indictment to allege that the intent was to cheat or defraud 'any particular person,' to wit, Walter Robinson, yet, being alleged, it became descriptive of an intent to defraud Walter Robinson, and nobody else; and so there was an entire failure of proof,—a failure to make the *probata* support the *allegata*. The issue joined by defendant's plea of not guilty was not whether he was possessed with a general intent to defraud, which, under our statute, would have been all that was necessary, but whether he had an intent to defraud Walter Robinson,—that, and nothing more. Says Bishop: 'If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other.' I *Bish. New Cr. Proc.* § 485."

The State cites *Brandon v. United States,* 9 *Cir.,* 190 *F.* 2d 175; *Uerling v. State,* 125 *Neb.* 374, 250 *N. W.* 243; *People v. Ruiz,* 103 *Cal. App.* 2d 146, 229 *P.* 2d 73; *Commonwealth v. Analetto,* 326 *Mass.* 115, 93 *N. E.* 2d 390. Those cases are not apposite because in none of them did the State include in the indictment an allegation of intent to defraud a particular person and then fail to adduce any evidence in support of the averment.

Accordingly, I am constrained to hold that the conviction must be set aside and a new trial granted.