GILLESPIE, Presiding Justice:
Willie James Smith was indicted, tried and convicted by jury in Hinds County, Mississippi, on a forgery charge and sentenced to ten years in the State Penitentiary.
The facts, as developed from appellant’s confession which was admitted into evidence, are not in dispute and are as follows. On September 19, 1967, Randall Ashley and Sammy Strickland picked lip appellant and asked him if he wanted to cash some blank checks that had been filled out with a check protector and signed “W. C. Peterman.” Appellant obtained a typewriter and the name Billy Ray Moore was inserted as payee. Ashley, Strickland and appellant then drove to Swan Liquors on Gallatin Street and Ashley went into the store, bought some whisky, and cashed the check. The proceeds, above the cost of the whisky, were equally divided between the three men involved. Appellant knew the check cashed at Swan Liquors was forged.
Appellant appeals and contends there is a material variance between the indictment and the state’s proof as to one of the parties to be defrauded, and that the trial court improperly admitted the appellant’s confession.
*689 The indictment charges that the appellant and others unlawfully and feloniously intended to defraud W. C. Peterman, Delta National Bank, a corporation, and Leo B. Swan, Jr., and Leila Swan, d/b/a Swan Liquors. Bobby Peters, manager of Swan Liquors, testified that Swan Liquors, at 338 North Gallatin Street, was owned by Leo Swan and Leila Swan at the time the check was cashed. He later answered in the affirmative when asked on cross-examination if Swan Liquors was a corporation. Appellant contends that the addition of the term Jr. in the indictment when referring to Leo Swan and the affirmative answer given on cross-examination are material variances between the indictment and the proof and require reversal of the case because of the trial court’s failure to grant a directed verdict at the close of the state’s evidence.
We are unable to agree with this contention. When the witness, Peters, was specifically asked about the ownership of Swan Liquors, he replied, “Mr. Leo Swan and Mrs. Leila Swan.” Later when asked whose cash was given to Ashley for the forged check, he answered:
A. That was Mr. Swan’s.
Q. And when you say “Mr. Swan” are you referring to Mr. Swan and his wife?
A. And his wife, Swan Liquors.
Q. Those are the two people you said are the owners of the business.
A. Yes, sir.
Later the testimony continued:
Q. Now, Mr. Peters, where is Swan Liquors, or the two people doing business as Swan Liquors, where is that located?
A. 338 North Gallatin Street, two blocks off of Capitol.
Q. In the City of Jackson?
A. Yes, sir.
When the witness made the affirmative answer on cross examination that Swan Liquors was a corporation, the line of questioning was not as to ownership of the business but concerned the length of time the establishment had been in operation. We are also of the opinion that the addition of the term Jr. after Leo Swan’s name in the indictment was not a material variance from the proof.
In the case of Hays v. State, 207 Miss. 748, 43 So.2d 206 (1949), cited by appellant, the Court said that “[t]he name of the party defrauded must be set out in the indictment as a means of identifying the offense charged and as a protection against another prosecution for the same offense. * * * ”
The facts in the Hays case distinguish it from the one now before the Court. The proof offered by the state as to the ownership of Swan Liquors was consistent with the indictment as to the names of the parties intended to be defrauded, except the chance remark that Swan Liquors was a corporation. There is not a remote chance that this inconsistency could result in subjecting appellant to another prosecution.
Appellant also contends that the trial court erred in admitting into evidence appellant’s confession. The testimony is overwhelming that the defendant was apprised of his rights as set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and waived them both orally and in writing. There is no merit in appellant’s contentions that his confession was induced by promises of leniency by the interrogating officers or statements that Ashley had already confessed. Finding no reversible error, the case is affirmed.
Affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.