PATTERSON, Justice:
This appeal arises from the Circuit Court of Jackson County where the appellant was found guilty of uttering a forgery for which he was sentenced to serve a term of eight years in the Mississippi State Penitentiary.
There is ample evidence to support the conviction unless it can be said that the State’s failure to prove that the victim of the forgery, Wayne Lee’s Grocery & Market, Inc., was a corporation. Its failure so to do is assigned as error.
In State v. Tatum, 96 Miss. 430, 50 So. 490 (1909), a case in which a partnership was alleged to have been defrauded by defendant’s false pretenses, it was held that the indictment must contain the Christian and surnames of the individuals composing the partnership, or a proper excuse given for the omission thereof, the Court deeming it essential that the name of the party defrauded must be set out as a means of identifying the offense charged.
In Wilson v. State, 204 Miss. 111, 115, 37 So.2d 19, 20 (1948), the appellant was indicted for forgery, consisting of drawing a check upon “Sam Stein Company” which was charged in the indictment to be a partnership composed of Jake Stein, Joe Stein, Julius Shurman, and other persons to the grand jurors unknown. The evidence at the trial disclosed that this co-partnership, in addition to the members listed in the indictment, included several others. We there held that this constituted a variance between the indictment and the proof, resulting in error. We stated:
The names of all of the members of this co-partnership were necessary to the charge in the indictment. Appellant calls to our attention 27 Am.Jur., Sec. 183, Indictment and Information. It seems to us this variance was prejudicial to appellant, as depriving her of the “right to be protected against another prosecution for the same offense.”
*128 We cited State v. Tatum, supra, as the authority for such pronouncement.
This theory was brought forward in Hays v. State, 207 Miss. 748. 750, 43 So.2d 206, 207 (1949), a forgery case, wherein we again stated that the name of the party defrauded must be set out in the indictment as a means of identifying the offense charged and as a protection against another prosecution for the same offense. We also stated:
* * * When property is alleged to be that of a named corporation there must be proof that such company is in fact a corporation. * * *
More recently, in Criddle v. State, 250 Miss. 328, 333-334, 165 So.2d 339, 341 (1964), “The indictment charged that W. & S. Construction Company, a corporation, and First National Bank, a corporation, were the persons intended to be defrauded * * * ” and since there was an absence of proof that either of the firms was a corporation, the Court felt it necessary to reverse the case, stating that the Hays case was directly in point:
* * * The name of the party defrauded must be set out in the indictment as a means of identifying the offense charged and as a protection against another prosecution for the same offense. When property is alleged to be that of a named corporation there must be proof that such company is in fact a corporation. * * *
However, it was noted by the author of the opinion that where a copy of the instrument alleged to be forged is set out in the indictment there could be no possible danger of another prosecution for the same offense, and therefore, the reason for the rule announced in Hays, supra, was of doubtful validity.
Thereafter, in Smith v. State, 222 So.2d 688, 689 (Miss.1969), the indictment charged that Leo B. Swan, Jr. and Leila Swan, d/b/a Swan Liquors, were the victims of a forgery. The evidence on trial indicated that Swan Liquors was in fact a corporation. The Court commented:
* * * The proof offered by the state as to the ownership of Swan Liquors was consistent with the indictment as to the names of the parties intended to be defrauded, except the chance remark that Swan Liquors was a corporation. There is not a remote chance that this inconsistency could result in subjecting appellant to another prosecution.
This case was therefore distinguished from Hays v. State, supra, and affirmed.
In the present case a copy of the check charged to be a forgery and uttered as such is set forth in the indictment in exact detail. It is a part of a judicial record. Under these circumstances we are of the opinion there is not the remotest possibility that the defendant could be again prosecuted for uttering this forgery. In the improbable event a subsequent forgery prosecution, based upon this check, is instituted, we think the introduction of this record, which portrays the check, would be efficacious to bar such proceeding.
There may be present doubt as to the validity of the general statements used in some of the earlier cases. However, we are of the opinion that the reason for the rule announced therein does not presently exist and distinguishes this case from the cited authorities and they are not controlling. We affirm.
Affirmed.
GILLESPIE, P. J., and INZER, SMITH, and ROBERTSON, JJ., concur.