BROOM, Justice:
Appellant, Lena Malley, in the Circuit Court of Madison County, was convicted of feloniously uttering and publishing a forged instrument with intent to defraud. She was sentenced to four years in the state penitentiary, and appeals to this Court.
Appellant was employed by M & W Mobile Living, Inc., as manager of their Canton, Mississippi mobile home sales lot. She was in charge of selling the homes, delivering them and taking credit applications for General Electric Credit Corporation who financed said sales. Appellant received a commission on each sale. In September 1971 a representative of General Electric visited the Canton lot and inquired why so many sales contracts showed thereon names of different purchasers having precisely the same postoffice box number in Flora, Mississippi. Appellant replied that she had sold several homes to one big family and they all used the same mailing address. A subsequent inquiry at Flora revealed that the box was rented to appellant. It was then discovered that a number of people had supposedly purchased trailers from M & W but were not living in them.
When Mr. Fred Ballard appeared on the Canton lot to make a payment on his trailer, no record of his purchase or retail installment contract could be found. The serial number on Ballard’s trailer matched the number on a trailer sold pursuant to a contract bearing the names of James Sax-ton and his mother, Mrs. Nancy G. Saxton as purchasers. Mrs. Saxton denied any knowledge of the purchase of a trailer and stated that the signatures on the contract were not hers or her son’s. Ballard related how he was contacted by appellant about buying a trailer after he was previously refused credit by Genera] Electric. He was to make monthly payments to appellant but received no payment book and was not asked to sign any type contract or agreement. The trailer, he understood, would remain in the name of the company until he made all the payments.
There are six assignments of error made on this appeal. The first is that the lower court erred in that the indictment upon which the appellant was tried is vague, and over-broad, and is a denial of her constitutional rights in that it fails to inform the appellant of the charges against her and of the parties against whom the crime was allegedly committed.
An examination of the indictment (which in the lower court was not attacked by demurrer or other pleading) indicates that it charges appellant “. . . did fe-loniously, fraudulently, and falsely utter and publish to M & W Mobile Living, Inc. a certain forged and counterfeit writing on paper purporting to be a sales contract (copy attached) with the intent feloniously to injure and defraud the said Nancy G. Saxton, James Saxton, M & W Mobile Living, Inc. and James W. Mathis. .” While the indictment may not have been artfully drawn, this wording is sufficient to inform the appellant of the charges against her and of the parties against whom the crime was committed.
Appellant argues that the State failed to prove that M & W Mobile Living, Inc. is a corporation as required where the indictment charges that a corporation is the victim of a crime. This Court has carefully reviewed the indictment in the present case and finds that the word “corporation” is not to be found within its four corners. The firm name “M. & W. Mobile Living, Inc.” does appear in the indictment as well as in the proof without variance. Mrs. Donley, the first witness for the State, testified that she was employed by “M. &. W. Mobile Living, Incorporated.” At several places in the record the same firm was referred to and identified by use of the term “Inc.” as well as “In *450 corporated.” If the indictment is to be construed as charging that “M & W Mobile Living, Inc.” is a corporation, then the proof must be so construed because the verbiage in the indictment and proof is identical.
This case is distinguishable from the cases of Hays v. State, 207 Miss. 748, 43 So.2d 206 (1949) and Criddle v. State, 250 Miss. 328, 165 So.2d 339 (1964), both of which were reversed by this Court because of a variance between the language of the indictment and the proof. In Hays, supra, the indictment for forgery charged that the name of the party defrauded was “Billups Petroleum Corporation,” but the testimony was that Billups was a partnership. In Criddle, supra, the indictment for forgery charged that W. & S. Construction Company, a corporation, and First National Bank, a corporation, were the intended victims of the alleged forgery. The reversible error was the variance in that there was no proof that either of said firms was a corporation. In the present case there is no such variance, but the proof is precisely consistent with the language of the indictment. Smith v. State, 222 So.2d 688 (Miss.1969).
Appellant also assigns as error the action of the lower court in admitting into evidence testimony about other similar transactions to which the accused was a party. We find no merit in this assignment as the evidence offered showed nothing more than the method, scienter of guilt, plan and system of criminal action of the appellant. Strickland v. State, 209 So. 2d 840 (Miss.1968).
Several other assignments of error are before the Court and we find them to be without substantial merit. However, we comment upon the sixth assignment which is within the purview of a fairly recent rule of this Court.
The sixth assignment charges error of the lower court in granting the State’s Instruction No. 1. We need not go into the details of the instruction as the appellant in the lower court failed to make any objection to the instruction now complained of. Mississippi Supreme Court Rules, Rule 42 adopted April 1, 1971, in part states:
It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. .
For the reasons stated above, we see no reversible error in the trial of this case in which the evidence of guilt was most convincing. We therefore affirm the decision of the lower court.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH and SUGG, JJ., concur.