SUGG, Justice:
Nina Joan Smith was indicted and convicted of manslaughter by the Circuit Court of Jackson County. For this crime she was sentenced to a term of ten years in the state penitentiary.
On appeal she contends the trial court erred in denying her motion for a continuance and in granting and refusing certain jury instructions. We affirm.
The needless death by pistol shot of Roland Broadhead resulted from an argument between him and the appellant, the operator of a tavern. She requested Broadhead to leave the premises, emphasizing her statement by drawing a pistol. Broadhead, in refusing to leave, challenged her courage to use it against him. He misjudged, fatally, her temperament, hence this suit.
The evidence is largely concerned with the question of whether the deceased had *455 in his hands, or was about to use, a pool cue “stick” as a weapon against the appellant at the time the shot was fired. The great weight of the evidence indicates that he did have the cue in his hands, but that he was not using it in a threatening or aggressive manner. This issue was resolved by the finding of the jury, and though the sufficiency of the evidence is not argued for reversal, we believe it appropriate to state there was ample evidence to support the finding of the jury.
It is contended the lower court erred in not granting a continuance to a later term of court. The oral motion was made just prior to the trial when the defense attorney was informed that one of the witnesses for the defendant was incapable, both physically and mentally, of testifying. It did not comply with Section 1520, Mississippi Code 1942 Annotated (1956) relating to continuances due to absent witnesses. Although this witness was not physically absent, we are of the opinion that the application for a continuance based on the inability of the witness to testify due to her illness should be governed by the procedure set forth in Section 1520 when a continuance is sought because of the absence of a witness. The statute requires the application for continuance to set forth the facts which are expected to be proved by the witness. This was not done in this instance and for this reason we cannot state the trial court abused its discretion in denying the continuance. Moreover, the statute provides that a cause shall not be reversed for refusal to grant a continuance unless it appear to this Court that the failure to grant the continuance resulted in an injustice. From a careful review of the record we discern no abuse of discretion by the trial court for the refusal to continue the cause.
The next contention is that Instruction No. 7 for the State contains language highly prejudicial to the defendant, requiring a reversal. The defendant voiced no objection to this instruction prior to the time it was granted by the trial judge. It falls within the ambit of Mississippi Supreme Court Rule 42 which states in part as follows:
After having considered the foregoing rule, we are convinced that this rule will aid in promoting better judicial procedure and should be implemented by this Court. It is, therefore, the rule of this Court that specific objections to jury instructions not raised in the trial court will not be considered on appeal, except in extreme cases where this Court may raise an objection to a jury instruction in order to prevent injustice. This rule will take effect and be in force as to all cases tried after June 1, 1971.
See Malley v. State, 271 So.2d 448 (Miss.1973); Ferrill v. State, 267 So.2d 813 (Miss.1972); Moore v. State, 264 So.2d 414 (Miss.1972), and Clark v. State, 260 So.2d 445 (Miss.1972).
In view of this rule and the cases cited we do not reach the argument directed to this instruction.
The appellant next argues that the court erred in refusing to grant the defendant the following instruction:
The Court instructs the jury for Joan Smith that if you believe from the evidence in this case that Henry Roland Broadhead, who was a man, was stronger and physically more powerful than Joan Smith and that Joan Smith was incapable of combating with him in a physical combat, and was liable to receive serious and great bodily injuries at the hands of Henry Roland Broadhead in the event they became engaged in such combat, then Joan Smith was justified in using a pistol in protecting herself from an unjustifiable and deadly attack of the said Henry Roland Broad-head even though Joan Smith was in no danger whatsoever.
We are of the opinion that the trial court properly refused this instruction since *456 there is no evidence to support it. There is no testimony referring to the physical size of either the deceased or the appellant nor does it reflect any physical altercation or imminent apprehension of such. In fact Broadhead and the appellant were separated by the bar of the tavern when the fatal shot was fired.
We have considered the record in detail, as well as the briefs of counsel, and overall we cannot state that it contains prejudicial error. The verdict and sentence will therefore be affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON and WALKER, JJ., concur.