## McALPIN *v.* STATE.

[86 South. 339.    No. 21321.]

RECEIVING STOLEN GOODS. *Ownership must be proven as laid in indictment.*

In a prosecution for receiving stolen property, the ownership of the property alleged to have been stolen must be proven as laid in the indictment. .

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

A. N. McAlpin was convicted of receiving stolen property, and he appeals.    Reversed and remanded.

*W. J. Pack,* for appellant.

The learned attorney-general in his brief states that the first assignment of error of appellant can avail him nothing for the reason that the American Railway Express Company and the American Express Company are one and the same corporations.   I assume from his argument, therefore, that if these companies be separate and distinct legal entities, then the proof is insufficient to warrant a conviction of the charge in the indictment.   Of course, fairness would impel counsel to admit that the record is wholly silent as to the identity of the "American Railway Express Company, a corporation" and the "American Express Company, a corporation" and when he makes the statement that they are the same he is going out of the record to state it.   If we were permitted to go out of the record to state the facts upon this point, we could state that these are two separate and distinct companies each performing its own business.   This court is presumed to know what its own records disclose and will take judicial knowledge of such facts.   *Reed* v. *Waterbury National Bank,* 135 Ill. App., 165, 83 N. E. 188.

In the case of *Hampton* v. *State,* 54 So. 722, at page 723, this language was used by this court:  "The indictment charges the appellant with embezzling the funds of the American Express Company, 'which is duly incorporated' while the evidence for the state showed that the American Express Company was not a corporation but a partnership."

This is tantamount to an adjudication by this court that the American Express Company is a partnership or was so at the time of the rendition of this opinion.   However, this is beside the question.   There is no proof that the companies are one and the same.

*H. Cassedy Holden,* for the state.

Appellant assigns three errors upon which a reversal is sought.   It is first urged that there was a fatal variance

in the indictment, and in the proof in that it was not proved that the stolen tires were the property of the American Railway Express Company, a corporation.

The indictment averred that the tires were the property of the American Railway Express Company, a corporation, but the proof showed that the tires were stolen from the American Express Company, a corporation. This assignment of error, if submitted, can avail the appellant nothing for the reason that the American Railway Express Company and the American Express Company are one and the same corporation. Ownership of the stolen property was sufficiently proved in accordance with the allegations of the indictment.

That the proof was sufficient in this case to sustain the allegations of the indictment as to the ownership of the stolen property is sustained by the following cases from this court: *Foster* v. *State,* 52 Miss. 695; *Blumenberg* v. *State,* 55 Miss. 528; *Haywood* v. *State,* 47 Miss. 1; *Garvin* v. *State,* 52 Miss. 207, *Knight* v. *State,* 64 Miss. 802; 2 So. 152; *Mackguire* v. *State,* 91 Miss. 151, 44 So. 802.

It is immaterial from whom stolen goods are received, provided only they are stolen goods when they are received. 34 Cyc. 518. In *Vaughan* v. *State* (Alabama), 81 So. 417, the court held that there was no fatal variance where the stolen goods were alleged to be the property of the railroad, where the proof showed that the railroad was under Federal control.

The reason upon which assignment of error under discussion is based is this: That the accused is entitled to know the nature of the crime with which he is charged so that he may prepare his defense at the trial. The accused in this case was sufficiently informed of the charge against him by the language of the indictment. He knew that he would have to defend himself on the charge of receiving property which was stolen from the American Express Company. He knew that the American Express Company and the American Railway Express Company were one and the same corporation. There could be no confusion in

his mind nor in the mind of his counsel as to the exact nature of the crime with which he was charged. If the indictment had alleged that the stolen property had belonged to a corporation, and the proof had shown that the stolen property had belonged to an individual or an entirely different corporation from that alleged in the indictment, the case would be different but indictment and proof showed no such variance. The second assignment of error brings forward a complaint that the proof did not show that the American Railway Express Company was a corporation. The proof did show, however that the American Express Company was a corporation (see testimony of W. H. Grant, record p. 21). This was sufficient. No complaint was made by the defendant when proof was offered that the American Express Company was a corporation and that the stolen goods were the property of the American Express Company. If complaint had been made, the court would have allowed an amendment under section 1266, Hemingway's Code. Identity of name is not essential. Identity of the offense and of the person is essential. *Rlumingberg* v. *State, supra.*

Smith, C. J., delivered the opinion of the court.

The appellant was convicted of receiving stolen property. The indictment alleged that the property stolen was owned by the American Railway Express Company, a corporation; but the proof disclosed that it was owned by the American Express Company, a corporation.

The ownership of the property alleged to have been stolen must be proven as laid in the indictment. 34 Cyc. 523. Consequently the appellant's request for a peremptory instruction should have been granted.

*Reversed and remanded.*