, PIPPIN *v.* STATE.

[88 South. 502, No. 21728.]

</div>

1. FALSE PRETENSES. *Indictment for obtaining money or goods under false pretenses must charge name of party defrauded; proof as to name of person defrauded must correspond with allegations.*
   An indictment for obtaining money or goods under false pretense should charge the name of the party defrauded or whose money was obtained by false pretense, and the proof as to the name or the party whose money or goods was obtained by false pretense must correspond to the allegation in the indictment, and a variance between the indictment and the proof will be fatal. When the indictment charges a particular person named was the owner of the money or goods obtained, and the proof shows it was obtained from a firm composed of two or more persons, the variance is fatal.

2. FALSE PRETENSES. *Instruction held erroneous.*
   It is reversible error to grant the state, in a case of false pretense in which the indictment charges a named person as being defrauded, and that the money was obtained by the pretense, a charge: "That if you believe from the evidence beyond all reasonable doubt that the defendant represented that he owned six mules on which he gave the trust deed in evidence to secure

a debt to Rempe and Son, and thereby, by means of such rep‑ resentations and trust deed, he obtained from Rempe the sum of $750 in money, and 'if you further believe from the evidence, beyond all reasonable doubt, that he did not own the six mules embraced in said trust deed when said deed was executed, then he is guilty of obtaining said money under false pretenses, and you should so find him guilty."

APPEAL from circuit court, Copiah county.

HON. D. M. MILLER, Judge.

J. H. Pippin was convicted of obtaining money or goods by false pretenses, and he appeals. Reversed, and judgment rendered for appellant.

*Gwynes & Mahaffey,* for appellant.

1. The indictment alleges Pippin obtained the money of Rempe by executing to him and in his favor a deed of trust upon certain mules, etc. The deed of trust offered in evidence was one executed in favor of F. Rempe & Son rather than in favor of E. H. Rempe.

The rule is that, if what is necessary in the allegation is made unnecessarily minute in description, the proof must satisfy the description as well as the main part, since the one is essential to the indentification of the other. 1 Bishop on Criminal Proceedure (3 Ed.), sec. 489; 19 Cyc. 438; *Schayes* v. *People,* 5 Colo. App. 75, 37 Pac. 43. "' A variance between the description of the pretense in an indictment for obtaining property by a false pretense and the proof is fatal. 19 Cyc. 438; *Copeland* v. *State,* 97 Ala. 30, 12 So. 181; *O'Conner* v. *State,* 70 Ark. 30; *Mitchell* v. *State,* 70 Ark. 30, 65 S. W. 935; *Carey* v. *State,* 112 Ga. 226, 37 S. E. 405; *Fambrough* v. *State,* 113 Ga. 934, 39 S. E. 324; *Dechard* v. *State,* (Tex. Crim. App. 1900), 57, S. W. 813; *Limouse* v. *People,* 58 Ill. App. 314; *Smith* v. *State,* 33 Ind. 159.

In the last-named case defendant was indicted for obtaining property under a contract set out in the indictment and it appeared that he obtained it under another contract. This was fatal variance.

In *Copeland* v. *State, supra,* it was held that where the indictment sets out a contract with C, and the evidence disclosed a contract between defendant and C and W. the variance is fatal in prosecution for false pretense. The indictment having been based upon deed of trust in favor of E. W. Rempe, it is now offered to be proven by showing deed of trust in favor of F. Rempe and Son. "But where the indictment attempts to set forth the document itself, instead of by its effect or designation, it must be correctly set forth." Wharton on Crim. Ev. sec. 116, and Note, also sec. 94, samebook; *State* v. *Owen,* 73 Mo. 440.

In *State* v. *Keifer,* 172 Iowa, 306, 151 N. W. 440, a note obtained by false pretense was described in the indictment as having been given by D. B. Stower. The variance was held to be fatal. See also *Headly* v. *State,* 17 So. 714, (Ala.). 2. The indictment sets out that defendant Pippin obtained from the said E. M. Rempe the sum of seven hundred fifty dollars of lawful money of the United States of America, of the value of seven hundred fifty dollars etc. The proof showed that he obtained no money whatever from E. H. Rempe.

The facts were that said E. H. Rempe acting for F. Rempe and Son had made contract with one Spitchley for hauling logs for said firm and advanced to Spitchley the sum of seven hundred fifty dollars. Spitchley transferred this contract to Pippin and agreed to pay him, seven hundred fifty dollars and also one hundred fifty dollars to take it over. Spitchley made out check to F. Rempe and Son for seven hundred fifty dollars on Menchants' and Planters' Bank which E. H. Rempe endorsed in the name of F. Rempe and Son in favor of J. H. Pippin; that said Spitchley turned over this check to said Pippin or rather had said Pippin to endorse the same and he then procured from said Merchants' and Planters' Bank a cashier's check and delivered this to said Pippin. This constitutes, in our opinion, a fatal variance in the property obtained.

Any variance between the proof and the allegation as to the money obtained or as to the nature of the property

is fatal. See *Litman* v. *State*, 9 Tex. App. 461; *Marwilsk* v. *State*, Tex. App. 377. Same is true as to the currency in which it is alleged the amount was paid. See *Fay* v. *Commonwealth*, 28 Gratt. (Va.) 912. In *Carr* v. *State*, 16 So. 155, 104 Ala. 4, it is held that an allegation of conversion of money does not cover conversion of a check. 3 We submit the variance between the ownership of the property alleged in the indictment and that shown by the proof is fatal.

*H. Cassedy Holden* for appellee.

Conceding for purposes of argument, that E. H. Rempe was merely an agent or representative of the firm of F. Rempe and Son, and granting that he was not a member of the partnership, still there is no variance. The cases for the most part hold that indictments which lay the ownership of the property obtained by the fraudulent pretenses in an agent or bailee of the owner will be sustained. Thus, an indictment which lays the ownership of the property in a bailee is sufficient. *Britt* v. *State*, 9 Humph. 31.

So, indictment laying the ownership of property in a person is sustained by proof that the goods were in his possession as selling agent for the owners. *Com.* v. *Blanchette*, 157 Springs, 2 Legal Gaz. Rep. 93, it was held proper to lay the ownership of a registered letter obtained from the postmaster by means of false pretenses, in the post office department. So, in *R.* v. *Dent*, 1 Car. & K. 249, it was held that the ownership of money belonging to a benefit society might be properly laid in one of the stewards thereof, from whom it was fraudulently obtained. And in *R.* v. *Rouse*, 4 Cox, C. C. 7, it was held that an indictment laying the ownership of the money obtained, in the secretary of a fraternal society is sustained by proof that the money belonged to the society, and was paid out by the treasurer upon the order of the secretary.

An indictment may lay the ownership of the property obtained in one who held a chattel mortgage upon the same,

and who, upon the sale of the property, was to receive the notes given for the purchase price as payment of his mortgage. *Barber* v. *People,* 1 Hun. 366. And the ownership of money belonging to a county and deposited in a bank, which was obtained from the bank by fraudulent orders, is properly laid in the county treasurer. *State* v. *Lynn,* 3 Penn. (Del.) 316, 51 Atl. 878.

The great majority of the reported cases uphold the rule that an indictment for larceny, robbery, or some other crime based on a larceny, which alleges ownership in a certain person, will be sustained by proof that such person is the agent or bailee of the true owner, or has, in behalf of the owner, the control, care, and management of the property stolen. In few cases, the allegation of ownership has been held insufficient; but, in these cases, for the most part, a general rule is asserted, the court holding, however that the person in whom the ownership was laid did not bear the relationship of agent or bailee to the true owner. There is no distinction made by the cases between the different kinds, and the same rule is equally applicable to larceny or robbery, or other crime based on a larceny.

So, in the following cases, indictments which laid the ownership of the property stolen in agents were sustained; *State* v. *Vincent,* 16 S. D. 62, 91 N. W. 347; *State* v. *Farris,* 5 Idaho, 666, 51 Pac. 772; *People* v. *McDonald,* 43 N. Y. 61; *State* v. *Washington,* 15 Rich. L. 39; *State* v. *Philits,* 73 S. C. 236; 53 S. E. 370; *Gatling* v. *State,* 39 Tex. 130; *Bagley* v. *State,* 3 Tex. App. 163; *Otero* v. *State,* 30 Tex. App. 450, 17 S. W. 1081; *Kersh* v. *State,* 45 Tex. Crim. Rep. 451, 77 S. W. 790; *Shelton* v. *State,* 52 Tex. Crim. Rep. 611, 108 S. W. 679; *R.* v. *Jennings,* 7 Cox. C. C. 397; *R.* v. *Webster,* 9 Cox, C. C. 13; *R.* v. *Burgess,* 9 Cox, C. C. 302; *R.* v. *Roberts,* 7 Car. & P. 485.

So, the ownership of property belonging to a minor child may properly be laid in a parent. *Bazon* v. *State,* (Tex. Crim. App.), 24 S. W. 100; *Wright* v. *State,* 35 Tex. Crim. Rep. 470, 34 S. W. 273; or in a guardian who is in control

and possession of money belonging to his ward. (*Thompson* v. *State,* 22 Ga. 499.)

One who has the custody of public funds or property may properly be alleged as the owner in an indictment for the larceny thereof; as a superintendent of the poor, in charge of goods which were to be distributed by him (*People* v. *Bennett,* 37 N. Y. 117, 93 Am. Dec. 551; *R.* v. *Went,* Russ. & R. C. C. 359); or a county treasurer in charge of the funds of the state (*Phelps* v. *People,* 6 Hun. 401, affirmed in 72 N. Y. 334.)

In some cases it has been held that, where crops raised upon shares have been stolen, it is sufficient to lay the ownership thereof in the tenants. *State* v. *Jacobs,* 50 La. Ann. 477, 23 So. 608; *Duren* v. *State,* 15 Tex. App. 624. The ownership of personal property in an indictment for larceny may be laid in a bailee having possession of the property when it was stolen, though the bailment was gratuitous. *Wimbish* v. *State,* 89 Ga. 294, 15 S. E. 325.

In *People* v. *Davis,* 97 Cal. 194, 31 Pac. 1109, which was a case of pocket picking, it was held that mere possession was sufficient ownership to sustain the indictment. In *State* v. *Adams,* 58 Kan. 365, 49 Pac. 81, it was held that, in an indictment for robbery, the ownership may be laid either in the true owner or in the person robbed. In *State* v. *Patton,* 1 Marv. (Del.) 552, 41 Atl. 193, it was held, that *prima facie,* property in possession of a person is presumed to belong to him. In *Morningstar* v. *State,* 52 Ala. 405, it was held that possession of the things stolen at the time of the larceny is in general, sufficient evidence of ownership.

The writer is well aware of the *Tatum case* in 96 Miss. —, 50 So. 490; the *Hampton case* in 54 So. 722, and also the *McAlpin case* decided by this court in Nov. 1920, and reported in the Advance Sheets of the Southern Reporter for Dec. 11, 1920.

The Tatum case is not effective authority in the instant case; the decision in that case merely holds that where a partnership is alleged to have been defrauded by false

pretenses the indictment must contain the Christian and Surname of the individuals composing the partnership, or a proper excuse for the omission. The indictment in the case at bar did not charge that the partnership had been defrauded, but charged that a fraud had been committed upon the individual.

The Hampton case is not in point with the instant case. In the Hampton case it was held that "The American Express company, a corporation," is a materially different concern from "The American Express Company, a partnership," and an indictment for embezzlement of funds of one cannot be sustained by proof that the funds belonged to the other. In the case at bar the indictment alleged that the funds belonged to E. H. Rempe. The proof showed that the funds belonged to E. H. Rempe, either wholly or in part. E. H. Rempe was the owner of the whole sum; or as a partner in the firm of F. Rempe & Son he was the owner of a part of this sum, or as agent or representative of the firm of F. Rempe and Son, he had a half interest in the money sufficient to allege ownership in him.

Ethridge, J., delivered the opinion of the court.

The appellant was indicted for wilfully, unlawfully, and feloniously designing then and there to cheat and defraud E. H. Rempe of his moneys, goods, wares, merchandise, and property by false pretenses, and by pretending to the said E. H. Rempe that the appellant, J. H. Pippin, then and there was the owner of certain mules described in the indictment, and by executing a deed of trust upon such mules claimed then to be in his possession, and did secure from the said Rempe seven hundred fifty dollars; it being alleged that the appellant did not then and there own said mules or any of them, and that he had no title to the same at the time he made said false representations, and which facts he well knew.

The proof in the case showed that one Spitchley had a contract with F. Rempe and Son for certain logging opera-

tions, and that Spitchley made a contract with the appellant to take over the said contract, agreeing to pay the appellant one hundred fifty dollars above the amount which Rempe and Son would pay Spitchley. This contract was approved by F. Rempe and Son on condition that the appellant would buy a certain truck, for which Rempe and Son was to advance seven hundred fifty dollars, which truck was in Jackson, Miss., and owned by a firm or concern there. When the parties went to an attorney to have the papers drawn, the attorney raised the point that the deed of trust would not bind the property because it was not situated in Copiah county. Thereupon Mr. Pippin stated that a certain party would vouch for him, and that he had six mules in Copiah county which he would place in the deed of trust. Thereupon the deed of trust was drawn, describing the truck and the mules. The deed of trust so given was in favor of F. Rempe and Son, described as party of the third part, and, on the execution of this deed of trust a cashier's check was drawn on the Merchants' and Planters' Bank of Hazlehurst, Miss., providing: "Pay to the order of Rempe and Son, seven hundred fifty dollars. [Signed] H. R. Ellis, Cashier." On the back of this check were the following indorsements: "Rempe and Son," "Pay to the order of J. H. Pippin. Rempe and Son," and "J. H. Pippin," and stamped "Paid."

The state introduced E. H. Rempe, who testified that the firm of F. Rempe and Son was composed of himself and brother; that it was an old firm name formerly used by the father of E. H. Rempe. The defendant requested a peremptory instruction at the close of the state's case, which was refused. The defendant denied knowledge that the mules were contained in the deed of trust, and admitted that he owned no such mules. The state was given one instruction, which reads as follows:

"The court charges you for the state: That if you believe from the evidence beyond all reasonable doubt that the defendant represented that he owned six mules on which he gave the trust deed in evidence to secure a debt to

Rempe and Son, and thereby, by means of such representations 'and trust deed, he obtained from Rempe the sum of seven hundred fifty dollars in money, and if you further believe from the evidence, beyond all reasonable doubt, that he did not own the six mules embraced in, said trust deed when said trust deed was executed, then he is guilty of obtaining said money under false pretenses, and you should so find him guilty."

The principal assignment of error relied on by the appellant is that there is a fatal variance between the indictment and the proof, and that the court erred in not sustaining defendant's motion for a peremptory instruction at the close of the state's testimony. He also complains of the above instruction given for the state.

It will be noted that the indictment charges that the false pretense was made to E. H. Rempe, and that the money was obtained from E. H. Rempe, and that the money belonged to E. H. Rempe; while the proof shows that the money was obtained from F. Rempe & Son, a partnership composed of E. H. Rempe and his brother, whose given name is not disclosed in the record.

This court has decided that the name of the party defrauded must be alleged and proof must sustain the allegation. *State* v. *Tatum,* 96 Miss., 430, 50 So. 490; *Hampton* v. *State,* 99 Miss. 176, 54 So. 722; *McAlpin* v. *State,* 123 Miss. 528, 86 So. 339.

It is argued on behalf of the state that E. H. Rempe, being a member of the partnership, was entitled to one-half of the money of the partnership, and that it is not necessary to prove the ownership to the extent alleged in the indictment, and that, if E. H. Rempe owned one-half of the money advanced to Pippin, that is sufficient proof to support the indictment. This reasoning is unsound. The money and property of a partnership is the property of two or more persons jointly, and neither of them has a separate title to any specific part of the money or property owned by the partnership, and, if the appellant was indicted subsequently for defrauding the partnership, his

conviction in the present case could not be pleaded in bar of the prosecution. One of the purposes of requiring the name of the party to be alleged is to enable the accused to prepare his defense, and another is to enable him to plead in acquittal the conviction in bar of subsequent prosecutions.

The instruction for the state is erroneous and constitutes reversible error.

The judgment is reversed; and judgment in favor of the appellant rendered on the present indictment, and the appellant held in custody to await the action of the next grand jury under such bond as the circuit judge may fix.

*Reversed, and judgment here.*