BRUCE *v.* STATE.

Apr. 27, 1953

No. 38613          29 Adv. S. 1          64 So. 2d 332

George D. Maxey and Wm. H. Odom, for appellant.

370

*J. T. Patterson,* Assistant Attorney General, for appellee.

McGehee, C. J.

This is an appeal from a conviction for obtaining money under false pretenses. The indictment charged in substance that the accused Otis Wilson Bruce obtained the sum of $63.47 from Walter A. Johnson, agent and employee of W. D. Bethea, doing business as Help Yourself Stores, and that the same was obtained by means of "a certain genuine negotiable instrument in writing to-wit; a bank check for the sum of $63.47 having been issued to D. E. Grubbs by the Mississippi Highway Safety Patrol, State of Mississippi, signed by T. B. Birdsong, Commissioner of Public Safety and countersigned by J. L. Holloway, Chief Clerk, and drawn on First National Bank, Jackson, Mississippi, . . ." A copy of the check is then set forth in the face of the indictment and it is then further alleged in the indictment that the check bore the genuine endorsement of D. E. Grubbs, the payee therein, and that the said Otis Wilson Bruce, devising and intending to cheat and defraud W. D. Bethea, as owner of the Help Yourself Stores, did then and there designedly, fraudulently and feloniously pretend to Walter A. Johnson, the agent and employee of the said Bethea, that he, the defendant Bruce, was D. E. Grubbs, the owner of the said negotiable instrument, and that by means thereof he obtained the said sum of money from Walter A. Johnson, the property of W. D. Bethea, when in truth and in fact the said defendant Bruce was not the same person as D. E. Grubbs, "all of which the said Otis Wilson Bruce then and there well knew."

The indictment appears to have been drawn under both Sections 2146 and 2149, Code of 1942, since it charges the accused both with having falsely impersonated another and with having, with intent to cheat or defraud another, designedly obtained the money of the said W. D. Bethea by means of a false pretense. The indictment, however, does not charge, and the proof does not show, that the said W. D. Bethea sustained any loss or injury

whatsoever on account of his employee having cashed the check in question, since it is undisputed that the check was paid by the First National Bank at Jackson in due course.

The proof on behalf of the State discloses that on January 23, 1952, the check in question, bearing date of January 21, 1952, was presented by the defendant Otis Bruce Wilson to Walter A. Johnson, as an agent and employee of W. D. Bethea at the Help Yourself Stores in Laurel, Mississippi, and that he then inquired of Johnson "Will you cash a check for me?"; that thereupon Johnson replied "It is according to what it is"; and that the defendant Bruce then stated that it was "A Highway Patrol check". The witness further stated that the accused "asked me if I could cash a check for him", and then on cross-examination stated that the accused asked "Will you cash my check for me?". At any rate, the check payable to D. E. Grubbs, an employee of the Mississippi Highway Safety Patrol, had already been endorsed by the payee named therein and no inquiry was made by Johnson of the defendant Bruce as to whether or not he was D. E. Grubbs. Nor was the defendant Bruce requested by Johnson to endorse the check, and he did not do so. In other words, he presented to Johnson to be cashed a genuine negotiable instrument, as charged in the indictment, which had been endorsed in blank by the payee named therein, and made no representations whatsoever as to whether or not he was D. E. Grubbs or as to how he came into possession of the check, and he was not asked to get anyone to identify him. The witness Johnson had never seen the patrolman D. E. Grubbs and had never seen the defendant Bruce prior to that occasion.

It appears from the testimony of the patrolman D. E. Grubbs that he endorsed the check in blank and obtained the sum of $63.47 on the same from one Will Hall, as operator of the Gulf Service Station at Prentiss in Jefferson Davis County, Mississippi, and that Grubbs then saw Hall place the check in his pocketbook or billfold, a

day or two before it was cashed for the defendant Bruce by the witness Johnson at Bethea's Serve Yourself Stores at Laurel in Jones County, Mississippi.

The operator of the Gulf Service Station at Prentiss did not testify as a witness to explain how the check got out of his possession, but the prosecution undertook to show out of the presence and hearing of the jury that the defendant Bruce admitted to an investigator from the Highway Safety Patrol Department that the defendant got the check with a billfold at the Gulf Service Station at Prentiss in Jefferson Davis County, and that he later got it cashed at Mr. Bethea's store in Laurel, knowing that the check did not belong to him, the bearer thereof. This alleged confession in writing was not introduced in evidence before the jury for the reason that the trial judge held the same to be partly competent and partly incompetent. However, the witness was later allowed to testify before the jury that the defendant Bruce told him that he had cashed the check in question, received the $63.47 at a grocery store in Laurel, after it had been endorsed by Grubbs, and that he, the defendant, "knew that it wasn't his—did not belong to him."

The defendant did not testify at the trial or offer anyone else as a witness in his behalf, except on the hearing before the trial judge out of the presence of the jury as to whether or not his alleged confession was made freely and voluntarily. There was no proof of the corpus delicti aliunde the oral confession of the defendant, which was heard by the jury, to the effect that he was the person who cashed the check at the grocery store after it had been endorsed by D. E. Grubbs and that he knew at that time that it did not belong to him. The defendant is not shown to have made any false representation to Walter Johnson, the employee of W. D. Bethea, owner of the store at Laurel, and Mr. Bethea is not shown to have been defrauded. He received his money on the check in due course, as aforesaid, the same as if he had cashed it for the payee, D. E. Grubbs. Inferentially, we may

assume that the Gulf Filling Station at Prentiss was unlawfully deprived of the possession of the check in question and that it sustained whatever loss or injury there was occasioned by the action of the defendant Bruce.

Since the check was genuine and was duly endorsed in blank by the payee named therein, the same was negotiable as alleged in the indictment, and Mr. Bethea became a holder thereof in due course. It was payable to "the order of D. E. Grubbs", and Section 88, Code of 1942, provides that: "An instrument negotiable in its origin continues to be negotiable until it has been restrictively endorsed or discharged by payment or otherwise." ▮▮▮ It is true that ordinarily where personal property has been stolen, the taker can transfer no better title than he has thereto, but this rule is inapplicable in the case of negotiable instruments where the purchaser becomes a holder in due course. Section 93, Code of 1942; 8 Am. Jur. 331, Section 619.

Without regard to whatever offense the defendant may have been guilty of, it is well-settled under our decisions and by the textwriters that ▮▮▮ in order for one to be guilty of obtaining money under false pretenses, he must obtain the property of another by the false pretenses and to the detriment or injury of the person from whom he obtains the same.

In the case of Pippin v. State, 126 Miss. 146, 88 So. 502, wherein this Court held that the rules of ownership of property obtained in false pretense cases is the same as in larceny, it was said: "This court has decided that the name of the party defrauded must be alleged and (the) proof must sustain the allegation. State v. Tatum, 96 Miss. 430, 50 So. 490; Hampton v. State, 99 Miss. 176, 54 So. 722; McAlpin v. State, 123 Miss. 528, 86 So. 339." It is contended for the State, however, that the indictment is under Section 2149, Code of 1942, and that it is only necessary to prove the occurrence of those facts

which constitute the offense, as set forth in the statute, which by its terms does not require that the person from whom money or property is obtained by false pretenses shall sustain an injury or be defrauded thereby. The pertinent part of the statute reads as follows: 'Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretenses, . . . obtain from any person any money, personal property, or valuable thing, upon conviction shall be punished . . .''

The statute above quoted from is similar to that involved in the case of Simmons v. State, 160 Miss. 582, 135 So. 196, to the extent that neither of the statutes expressly require that the person from whom the money or other personal property is obtained shall be defrauded. In the Simmons case the statute declared one to be guilty of obtaining under false pretenses whatever he received from the person dealing with him, when he sold or encumbered any property on which there was a lien, without informing the person to whom he sells or encumbers the same, of the exact state of the property as affected by the lien, etc. In other words, the statute, by its terms, provides that one who does the thing mentioned therein shall be guilty of obtaining the money or property under false pretense. But the Court held that where the purchaser of the automobile there involved obtained a good title to the same, he was not defrauded and could not have sustained a loss since he could successfully assert his title against the claim of the person in whose favor the encumbrance on the automobile had been previously given. Such is the case as between the store owner, W. D. Bethea, and the operator of the filling station who had formerly cashed the negotiable instrument in question and had lost or had otherwise been deprived of the possession thereof.

The Court cited the Simmons case with approval in Martin v. State, 200 Miss. 142, 26 So. 2d 169, and held, as was conceded by the Attorney General, that the pur-

chaser must have been actually defrauded. In the Martin case the defendant was shown to have told the prosecuting witnesses that he and his associates had spent $4,000 to buy a mineral lease, when in fact he had paid only $1,200 for the same. By means of this false representation, he induced the prosecuting witnesses to give him a check for $666.40 for a one-sixth interest in the lease, which he as payee endorsed to one of his associates, and which was thereafter cashed. The Court held in effect that it was not only necessary to prove that money was obtained from the prosecuting witnesses on the check but that it was necessary to prove that they were actually defrauded. The State failed to prove that the lease was not worth what the defendant falsely claimed to have paid for the same. In other words, it is not sufficient to show that an accused has obtained money from another by false pretenses; it must be further shown that the person from whom the money is thus obtained was actually defrauded.

In view of the foregoing, it follows that the defendant was entitled to the peremptory instruction requested insofar as the charge contained in this indictment was concerned. The cause will therefore be reversed and the appellant discharged under this indictment and he is to be held under his appearance bond pending such further proceedings as may be had consistent with the views expressed herein.

Reversed and judgment here for the appellant.

*Roberds, Lee, Kyle* and *Ethridge, JJ.,* concur.