AMERICAN BOOK COMPANY, et al. *v.* THE WHITE
SYSTEM OF JACKSON, INC.

No. 39541          March 21, 1955          78 So. 2d 582

*Barnett, Jones & Montgomery,* Jackson, for appellants.

*J. C. Stennett,* Jackson, for appellee.

Lee, J.

The White System of Jackson, Inc., filed its suit in the County Court of Hinds County against the American Book Company and Evern Jones. It sought to recover from the defendants the amount of a check which it claimed to have received in due course, and on which defendants stopped payment. The cause was submitted to a jury, which found a verdict for the defendants. However, before the entry of a judgment thereon, the plaintiff's motion for a judgment in its favor, the verdict of the jury notwithstanding, was sustained, and a judgment thereon entered. On appeal to the circuit court, the judgment was affirmed; and the Book company and Jones have appealed here.

About 9:30 a. m. on July 17, 1952, Evern Jones got his mail at the post office in the City of Jackson. In one of the letters was a payroll check of American Book Company in the sum of $432.53, drawn by the Company on a New York bank, and payable to the order of Jones for his services as an employee. He wrote his name on the back of the check in the post office, attached it to a slip for deposit, and started across the street to a nearby bank. He had several other pieces of mail in his hands. The wind, blowing at almost gale proportions, blew off his hat and the mail out of his hands. Passersby came to his assistance, but he was not successful in retrieving his check. He immediately reported his loss to the bank, and the next day asked the Book Company to stop payment; and this was done.

Between two and three o'clock that afternoon, Mrs. Tommie Davis, an employee of the White System of Jackson, Inc., took a telephone call ostensibly from Leon Orman, a white man, at Five Point Service Station, who advised that one of their customers, with a check larger than they could handle wished to buy some tires, and inquired if the System would cash it. She asked Mr. White, the president, what to do, and he advised that, if

it was a company check, to cash it. About twenty or thirty minutes later, a Negro man came into the office and presented the check.

Mrs. Martha Lewis, another employee, took the check, and Mrs. Davis explained the previous telephone conversation. In addition to the name of Jones, there purported to be an endorsement of Five Point Service Station and Leon Orman. Mrs. Lewis thought the Negro was Leon Orman. Because of the size of the check, she asked Mr. Traylor, the office manager, about it, but he bade her get Mr. White's approval. This she did, and thereupon paid to the Negro the full amount of the check. It was shown that the White System frequently accommodated people by cashing checks for them, and that generally the checks were brought into the office by errand boys or employees.

Appellant contends that the evidence presented an issue for the jury on the question of whether the White System acted in good faith in cashing the check.

But the instrument was complete and regular on its face. It was taken in good faith for full value, and there was no notice of any infirmity or defect in it. Hence the White System was a holder in due course. Section 93, Code of 1942.

The check was payable to the order of Evern Jones. He endorsed it without restriction or limitation. Thus it became payable to bearer and was negotiable by delivery. Secs. 75 and 88, Code of 1942. See also Bruce v. State (Miss.) 64 So. 2d 332.

■■ ■ The White System had no actual knowledge of any defect or infirmity in the check. Neither was it apprised of any facts which would justify the conclusion that its action amounted to bad faith. Section 100, Code of 1942. In 8 Am. Jur., Bills and Notes, Section 621, p. 334, it is said: "The loss of a negotiable instrument by its rightful owner is no defense against a holder in due course who receives the instrument indorsed in blank or otherwise negotiable by delivery; * * * ."

The rule is practically the same as the theft of bank bills. Ibid. See also 10 C. J. S., Bills and Notes, Section 507, pp. 1117 and 1118, as follows: "A thief or finder of a negotiable instrument can acquire no title as against the true owner. A holder in due course, it has been broadly held, both at common law and under the Negotiable Instruments Act, takes good title even from a thief; more strictly, if the instrument is made payable to bearer, or is indorsed in blank, or is otherwise negotiable by delivery, an innocent purchaser for value and before maturity who acquires it from a thief or finder acquires a good title and may recover thereon, and he may retain it even as against the true owner."

██ █ Either the appellants or the appellee must lose this money. The appellee paid the full amount of the check in good faith. But for Jones' endorsement, this would not have happened. He could have restricted it but he did not do so. Consequently, the culpable party must sustain the loss. 8 Am. Jur., Bills and Notes, Sections, 344, 345, pp. 81-2.

Appellee's motion for a directed verdict in its favor at the conclusion of the evidence should have been sustained. Consequently after verdict and before judgment, the court properly sustained the motion for a judgment in its favor, the verdict of the jury notwithstanding. Guf M. & O. R. Co. v. Jones, 201 Miss. 442, 29 So. 2d 255.

██ █ The Book Company plead that it was not doing business in Mississippi and was not therefore subject to suit. However, the judgment of the court, overruling this plea, recited that the court heard evidence on the matter. The record from the county court fails to show a transcript of that evidence, if it was in fact taken by the court reporter. The burden was on the movant to show that it was not subject to suit in this State, and if it desired to preserve the point, it should have provided a full record. Judgments may not be overturned because of mere motions without proof. Such proof as appears in the record does not sustain this contention.

Consequently it follows that this cause must be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.