458 So.2d 739 (1984)
Curtis GORDON and John Keith Henry
v.
STATE of Mississippi.
No. 54475.
Supreme Court of Mississippi.
October 31, 1984.
James E. Smith, Jr., Smith & Smith, Carthage, Percy S. Stanfield, Merrida P. Coxwell, Stanfield, Carmody, Coxwell & Creel,
*740 David E. Holderfield, Jackson, for appellant.
Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court:
Curtis Gordon and John Keith Henry appeal their convictions of receiving money by false pretenses and judgment of the Circuit Court of Newton County, Mississippi. Gordon was convicted of seven counts of receiving money by false pretenses. Henry was indicted on seven counts but was only convicted of three. The court granted his motion for a directed verdict on the last four counts of the indictment at the conclusion of the State's case. Both Gordon and Henry were fined $10,000 and sentenced to serve a term of three years confinement for each count, the terms to run concurrently.
This cause came about as a result of seven rebate checks issued by Massey Ferguson, Inc. on tractors which had been purchased from G & H Equipment. Gordon was the manager of G & H and Henry was an attorney who had an office in the same building as G & H.
Gordon and Henry were convicted pursuant of Mississippi Code Annotated section 97-19-39 which reads:
Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine not exceeding three times the value of the money, property or thing obtained.
In order to sustain a conviction under section 97-19-39 there must be a showing that the pretenses were false, that the appellant knew them to be false and that the pretenses were the moving cause by which the money was obtained. Neece v. State, 210 So.2d 657 (Miss. 1968); Hughes (and Travis) v. State, 326 So.2d 469 (Miss. 1976).
In Carter v. State, 386 So.2d 1102, 1106 (Miss. 1980), citing Bruce v. State, 217 Miss. 368, 374, 64 So.2d 332, 334 (1953), this Court said:
Without regard to whatever offense the defendant may have been guilty of, it is well-settled under our decisions and by the textwriters that in order for one to be guilty of obtaining money under false pretenses, he must obtain the property of another by the false pretenses and to the detriment or injury of the person from whom he obtains the same. (Emphasis added).
The proof offered by the State in the present case failed to sustain the required element of the offense that Massey Ferguson sustained a detriment or injury. To the contrary, the testimony offered by the appellants showed that the rebate applications were prepared under the supervision of an employee of Massey Ferguson, George Hayes, who was district sales manager at the time the rebates were made. The State failed to present any witness from Massey Ferguson who testified that Massey Ferguson was injured or suffered any detriment as a result of the transactions.
The case should never have been presented to the jury. The motion for a peremptory instruction should have been sustained. Consequently, this cause must be reversed and the appellants discharged.
REVERSED AND APPELLANTS DISCHARGED.
PATTERSON, C.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
ROY NOBLE LEE, P.J., not participating.