WALKER, Chief Justice,
for the Court:
In the Circuit Court of the Second Judicial District of Harrison County, Travis Lott was charged by indictment with the crime of false pretenses. The trial court granted Lott’s motion to quash the indictment, and the State has appealed. We affirm.
Lott was a regional manager for Aetna Finance Company (Aetna). The indictment charged that he
did with intent to cheat and defraud Aet-na Finance Co., ... unlawfully, willfully and designedly obtain from the said Aet-na Finance the sum of approximately Two Thousand ($2,000.00) Dollars ... while he ... was the regional manager of said Aetna Finance by means and col- or of a false writing, more particularly, a loan application dated on or about August 4, 1982 which contained certain false information which the said Travis Lott knew to be false including the true borrower or party in interest and that the said Travis Lott by use of the loan application caused approximately Two Thousand Five Hundred ($2,500.00) Dollars to be paid out to one Mike Brown as a loan and he the said Travis Lott received approximately Two Thousand ($2,000.00) Dollars of that amount:
(a) at a time when he knew specific regulations of this company prohibited him from sharing directly or indirectly the proceeds of any loan;
(b) at a time when he knew that Aetna Finance was being misled by the loan application as to the purpose for the loan and for whose benefit the loan was obtained;
(c) at a time when he knew that Aetna Finance would not have made the loan had it known that he as an employee would receive part of the loan proceeds; and
(d) at a time when he, the said Travis Lott occupied a fiduciary position with Aetna Finance and had a fiduciary obligation to Aetna Finance.
Lott moved to quash the indictment on the basis, inter alia, that it failed to allege facts constituting a crime. The trial court granted the motion to quash the indictment, based in part on its finding that the indictment “[did] not allege that any money [had] been lost or that the loans were not legal binding obligations of the borrowers.” From that order, the State has appealed to this Court, arguing, in essence, that the indictment was sound.
In order for one to be convicted of obtaining money or property under false pretenses, it must be shown that he obtained the property of another by false pretenses and to the detriment or injury of the person from whom he obtained the property. Gordon v. State, 458 So.2d 739, 740 (Miss.1984); Carter v. State, 386 So.2d 1102, 1106 (Miss.1980); Bruce v. State, 217 *380 Miss. 368, 374, 64 So.2d 332, 334 (1953). In the case at bar, the indictment charged that Lott caused Aetna to pay twenty-five hundred dollars ($2,500.00) “to one Mike Brown as a loan” (emphasis added). As the trial court noted, no allegation was made that the loan was not a binding obligation on the borrower. In accounting terminology, although the effect of the loan was to decrease Aetna’s cash account, there was a corresponding increase in Aet-na’s accounts receivable. Aetna simply replaced one asset ($2,500.00 cash) with a different asset of equal value (a $2,500.00 account receivable). Thus, the indictment failed to allege that the money was obtained to Aetna’s detriment.
The State argues on appeal that the indictment satisfied the requirements of Unif.Crim.R.Cir.Ct.Pr.2.05. The issue of compliance with that rule, however, is of no consequence where, as here, the indictment fails to allege facts constituting a crime. The trial court did not err in sustaining Lott’s motion.
AFFIRMED.
ROY NOBLE LEE, and HAWKINS, P.JJ., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.