HAWKINS, Presiding Justice,
for the court:
We address today the elements of the crime of false pretenses and are called upon to assess the sufficiency of an indictment charging William Rivenbark and Billy Wayne Crosby with the commission of such a crime. We conclude, as did the trial judge below, that the indictment fails to charge facts which constitute a crime under the laws of our state. Accordingly, we affirm the lower court’s order sustaining a motion to quash the indictment on this ground.
I.
Rivenbark (a branch manager of Aetna Finance Company) and Crosby were indicted in 1984 for the crime of false pretenses in connection with an alleged scheme to personally profit from loans made by Aet-na pursuant to a false writing, i.e. a loan application prepared and processed by Lott for the benefit of a third person. In sum, the indictment charges Rivenbark and Crosby with securing on the basis of false information a loan of $3,034.65 for one James Johnson, in exchange for which Johnson paid the two men $500.00. Undoubtedly these acts, if carried out by Ri-venbark and Crosby, were in stark derogation of Aetna’s loan policies, several of which are set out in the body of the indictment.
Following indictment, Rivenbark and Crosby demurred and moved to quash the indictment on several grounds, primary of which was its failure to state a crime. The trial judge granted the motion and dismissed the indictment, an action prompting the State to take this appeal. We need not analyze each of the bases for the trial court’s ruling for we find that the indictment fails to adequately charge the crime of false pretense, and its dismissal by the trial judge was eminently correct.
II.
That Rivenbark, aided by Crosby, may have grossly and unfairly manipulated to his advantage his fiduciary relationship with Aetna, conduct which rightly offends one’s sense of fairness, is nonetheless extraneous to the legal task at hand. We must decide not whether Rivenbark has dealt fairly with his employer but whether his actions subject him to the state imposed sanctions for the crime of false pretenses.
Under M.C.A. Sec. 97-19-39 (1972) and the cases interpreting this section, the crime of false pretenses occurs when one makes a false representation of a past or existing fact with the intent to deceive and with the result that the accused obtains something of value from the party deceived. State v. Lott, 507 So.2d 378 (decided May 13, 1987; Young v. State, 209 So.2d 189 (Miss.1968). Furthermore, “in order for one to be guilty of obtaining money under false pretenses, he must obtain the property of another by the false pretenses and to the detriment or injury of the person from whom he obtains the *1049 same,” (emphasis in original), Gordon v. State, 458 So.2d 739, 740 (Miss.1984), citing Carter v. State, 386 So.2d 1102, 1106 (Miss.1980) and Bruce v. State, 217 Miss. 368, 374, 64 So.2d 332, 334 (1953). It is clear that whatever bad intent the defendants in these indictments evidenced, that intent did not include a plan to deprive Aetna of any money or property. Clearly, the indictment in no way suggests that the loan was not a legally binding obligation nor does it refute the clear inference that Aetna obtained an “account receivable” asset through the .transaction. While we in no way condone the clearly unethical conduct engaged in by Rivenbark and Crosby, we simply hold that, as described, the events listed in the indictment do not charge a crime under state law.
Nothing said here is inconsistent with Rule 2.05, Mississippi Criminal Rules of Circuit Court Practice, and our many recent cases construing that rule. See, e.g., McCullum v. State, 487 So.2d 1335, 1337-38 (Miss.1986); Winston v. State, 479 So.2d 1093, 1094-5 (Miss.1985); Hines v. State, 472 So.2d 386, 390 (Miss.1985). Rule 2.05 regulates the level of specificity the grand jury must meet in its presentation of an indictment. Today’s appeal is resolved on the prior question of whether a crime has been charged at all. Having answered that question in the negative, we never reach the Rule 2.05 inquiry — the matter of the adequacy or specificity of the charge.
Under the statutory definition of false pretenses, we vindicate the trial judge’s dismissal of this indictment for failure to charge a crime under the laws of our state. Accordingly, the judgment below is affirmed.
AFFIRMED.
WALKER, C.J., and ROY NOBLE LEE, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.