HERRING, J.,
for the Court:
¶ 1. Steven Wayne Anderson appeals to this Court from his conviction in the Circuit Court of Lee County, Mississippi, of grand larceny and false pretense. Anderson challenges his conviction on the grounds that the trial court erred in denying a request for (1) a mistrial and (2) for a directed verdict on the false pretense charge. We find that these assignments of error are without merit, and therefore, we affirm.
A. THE FACTS
¶ 2. On July 13, 1996, a plumbing contractor for an apartment complex under construction in Verona, Mississippi, observed an individual leaving the construction site with several windows that were located on the site and waiting for installation. The contractor notified Billy Oliver, the construction supervisor, that he saw a pick-up truck leave the site with some windows in the back of the vehicle. Oliver contacted the local police department and then departed for the construction site.
¶ 3. Upon arriving at the construction site, Oliver discovered that sixteen of the thirty-two windows, which had recently been delivered but not yet installed, were missing. Shortly thereafter, Oliver obtained a description of the pick-up truck from the plumbing contractor and left to search for the vehicle. Oliver’s search for the vehicle was futile, and later that day, Oliver returned to the construction site only to discover that the remaining sixteen windows had also been stolen.
¶ 4. During the course of the investigation, police officers learned that Oliver had recently purchased the windows for the apartment complex from Marvin’s Building Materials and Home Center in Verona for a purchase price of approximately $2,500. The officers instructed the employees at Marvin’s to inform them if anyone attempted to return the windows. After further inquiry, the officers discovered that several windows had been sold to various individuals and that five windows had been returned to Marvin’s on July 13 by the defendant’s wife, Shere Anderson, in exchange for $437.58. The officers also recovered eight windows during the execution of a search warrant at a residence in Tupelo, Mississippi.
¶ 5. Steven Anderson subsequently gave a written statement to law enforcement officials in which he admitted his involvement in the theft of the windows from the apartment complex. Anderson also ac *255 knowledged that he assisted in the return of the five windows to Marvin’s. Following a trial in the Circuit Court of Lee County, a jury found Anderson guilty of one count of grand larceny and one count of false pretense. Anderson was sentenced to serve a term of five years for grand larceny and three years for false pretense to run consecutively with the earlier sentence, and ordered to pay a fíne totaling $2,312.74. He now appeals to this Court.
B. THE ISSUES
¶ 6. Anderson raises the following issues on appeal which are taken verbatim from his brief:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO GRANT DEFENDANT’S MOTION FOR A MISTRIAL.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT’S MOTION FOR A DIRECTED VERDICT, ON COUNT II OF THE INDICTMENT.
C. ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING ANDERSON’S REQUEST FOR A MISTRIAL?
¶ 7. Anderson alleges that the trial court committed reversible error in denying his request for a mistrial after the State made references to a return receipt[1] from Marvin’s Building Materials and Home Center which indicated that Anderson’s wife returned five windows in exchange for $437.58. He contends that the State repeatedly elicited testimony from Buddy Huckaby, the Verona Chief of Police, concerning Marvin’s business practices of which Chief Huckaby had no personal knowledge. Although the trial court sustained Anderson’s objections and instructed the jury to disregard Huckaby’s responses, Anderson asserts that the inadmissible testimony resulted in substantial and irreparable prejudice which could not be remedied by a curative admonition.
¶ 8. Rule 3.12 of the Uniform Circuit and County Court Rules provides that “the court may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, the party’s attorneys, or someone acting at the behest of the party or the party’s attorney, resulting in substantial and irreparable prejudice to the mov-ant’s case.” URCCC 3.12. In accordance with this rule, the Mississippi Supreme Court has held that the “occurrence of any prejudicially inadmissible matter or misconduct before the jury, the damaging effect of which cannot be removed by admonition or instructions, necessitates a mistrial.” Reynolds v. State, 585 So.2d 753, 755 (Miss.1991). However, where the trial judge sustains an objection to an improper remark or testimony and instructs the jury to disregard it, “[s]ueh remedial acts of the trial court are usually deemed sufficient to remove any prejudicial effect from the minds of the jurors.” Id. The jury is presumed to have followed the trial court’s instructions. Id. Because the trial judge is peculiarly situated to determine if a remark is truly prejudicial, considerable discretion is given to the trial judge to determine whether a remark creates irreparable prejudice so as to require a mistrial. Gossett v. State, 660 So.2d 1285, 1290-91 (Miss.1995).
¶ 9. During the trial, Chief Buddy Huckaby testified that Anderson’s wife returned five windows to Marvin’s Building Materials for $437.58. The State’s direct examination of Huckaby also elicited the following exchange:
*256 Q. And, sir, is that receipt a receipt that is normally kept in the business operation of Marvin’s in Verona?
A. Yes, sir. When they—
[Anderson’s Attorney]: I object to this. He is not qualified to state that.
[The Court]: Sustained.
[[Image here]]
Q. Okay. Is that a requirement normally for returning merchandise?
A. Yes, sir. They usually want to see an I.D.
¶ 10. After this exchange, Anderson’s attorney objected and then moved for a mistrial. The trial court sustained the defense counsel’s objection but denied his request for a mistrial. The trial judge also instructed the jury to disregard Chief Huckaby’s testimony.
¶ 11. The trial court judge correctly found that Chief Huckaby’s reference to the exchange receipt and Marvin’s business practices caused no prejudice to Anderson. The trial judge sustained the defense counsel’s objection and admonished the jury to disregard the references to the receipt and Marvin’s business practices. We presume the jury followed these instructions. Moreover, the jurors subsequently learned about the receipt and the identification requirement to exchange merchandise when Anderson’s statement to law enforcement authorities was admitted into evidence. Since the confession was admitted into evidence, no prejudice resulted from the fact that Chief Huckaby had previously testified about such business practices. We conclude that the trial court was well within its authority and discretion to deny Anderson’s request for a mistrial. Accordingly, this assignment of error is without merit.
II. DID THE TRIAL COURT ERR IN DENYING ANDERSON’S MOTION FOR A DIRECTED VERDICT ON THE FALSE PRETENSE CHARGE?
¶ 12. Anderson asserts that the trial court erred in denying his motion for a judgment notwithstanding the verdict. He alleges that the State failed to establish an essential element of the crime of false pretense, namely, a detriment or injury to Marvin’s Building Materials and Home Center. Anderson argues that the State offered no evidence to show that Marvin’s suffered any injury or detriment when his wife returned the windows to the store in exchange for $437.58. Additionally, Anderson claims that there was not sufficient evidence, aliunde the confession, to establish his guilt of false pretense.
¶ 13. Section 97-19-39 of the Mississippi Code Annotated (Rev.1994) provides, in relevant part: “Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense ... obtain from any person any money, personal property, or valuable thing, upon conviction thereof, shall be punished by imprisonment....” As defined by the Mississippi Supreme Court, the crime of false pretense occurs when an individual makes “a false representation of a past or existing fact, with the intent to deceive and with the result that the accused obtains something of value from the party deceived.” State v. Allen, 505 So.2d 1024, 1025 (Miss.1987).
¶ 14. To support a conviction under the statute, the supreme court has held that the State must prove that “the pretenses were false, that the appellant knew them to be false and that the pretenses were the moving cause by which the money was obtained.” Allred v. State, 605 So.2d 758, 761 (Miss.1992) (quoting Gordon v. State, 458 So.2d 739, 740 (Miss.1984)). Moreover, the property or money obtained under false pretense must have been “to the detriment or injury of the person from whom he obtains the same.” Id. (quoting Carter v. State, 386 So.2d 1102, 1105 (Miss.1980); State v. Rivenbark, 509 So.2d 1047, 1048-49 (Miss.1987)). The State must present sufficient evidence *257 to establish each element of the offense of false pretense.
¶ 15. This Court’s scope of review based on a challenge to the sufficiency of the evidence is wellsettled. In reviewing the trial court’s denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the hght most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). All credible evidence which is consistent with Anderson’s guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 16. Anderson cites Carter v. State, 386 So.2d 1102 (Miss.1980) to support his proposition that the State faded to establish any injury or detriment to Marvin’s Building Materials and Home Center. In that case, the supreme court discussed several earlier cases that interpreted the requirements necessary to sustain a conviction for false pretense. The court noted that “it is well-settled under our decisions and by the textwriters that in order for one to be guilty of obtaining money under false pretenses, he must obtain the property of another by the false pretenses and to the detriment or injury of the person from whom he obtains the same.” Id. at 1106 (citing Bruce v. State, 217 Miss. 368, 374, 64 So.2d 332, 334 (Miss.1953)).
¶ 17. Relying on Carter, the supreme court reversed false pretense convictions where the defendants received several rebate checks issued by Massey Ferguson, Incorporated, on tractors which had been purchased from a local equipment dealership. Gordon & Henry v. State, 458 So.2d 739, 740 (Miss.1984). During that time, one of the defendants served as the general manager of the dealership, and the other defendant maintained his law office in the same building as the dealership. Id. In reversing the defendants’s convictions, the supreme court held that the evidence presented by the State failed to establish a required element of the offense, specifically, that Massey Ferguson sustained a detriment or injury. Id. The court noted that the rebate applications were prepared under the supervision of a Massey Ferguson employee. Id. Furthermore, the court concluded that the State failed to “present any witness from Massey Ferguson who testified that Massey Ferguson was injured or suffered any detriment as a result of the transactions.” Id.
¶ 18. In the case sub judice, the evidence presented by the State revealed that several windows were taken from an apartment complex under construction in Verona. Later that day, Anderson’s wife returned five windows to Marvin’s Building Supply in exchange for $437.58. In presenting the windows to Marvin’s, Anderson and his wife claimed that they were the rightful owners of the property and that they purchased the property from the supply center and wanted to return it for a refund. Anderson admitted his involvement in the transaction, and he stated that his wife actually returned the windows to Marvin’s because he did not have any identification. Consequently, the State established that Anderson’s pretense was false, that he knew them to be false, and that he obtained money based on the pretense.
¶ 19. Although no witnesses from Marvin’s testified that the building supply was injured or suffered any detriment as a result of the transaction, we find that there was sufficient evidence before the jury that, if accepted as true, established the necessary injury to Marvin’s as a matter of law. Marvin’s paid a substantial sum of money for the returned property, yet the building supply store did not legally obtain title to the windows. Based on Anderson’s false representations, Marvin’s parted with $437.58 and received possession of, but not legal title to, the stolen windows. See Newman v. Stuart, 597 So.2d 609, 613-14 (Miss.1992) (“A bona fide purchaser of stolen property acquires no title or interest therein.”). The jury was entitled to draw *258 a reasonable deduction from the evidence presented by the State and conclude that Marvin’s suffered an injury as a result of Anderson’s fraudulent conduct.
¶20. Anderson also alleges that there was insufficient evidence, outside of the confession, to support his conviction for false pretense, and therefore, the trial court erred in admitting the statement he gave to law enforcement officials. However, we find that there was sufficient evidence, notwithstanding the confession, of Anderson’s corpus delicti to support his convictions for grand larceny and false pretense.
¶ 21. The supreme court discussed the purpose of requiring evidence independent of a confession, and noted that it was “to avoid convicting a person solely out of his own mouth of a crime that was never committed or was committed by someone else.” Gentry v. State, 416 So.2d 650, 652 (Miss.1982) (citing Rhone v. State, 254 So.2d 750, 753 (Miss.1971)). The State must present sufficient evidence that a “real and not an imaginary crime has been committed.” Taylor v. State, 672 So.2d 1246, 1272 (Miss.1996). In establishing such evidence, “[w]here there has been a confession by the accused, much slighter evidence is required to establish the corpus delicti than would be necessary where the state must make out its entire case unaided” by a confession. Edwards v. State, 615 So.2d 590, 594-95 (Miss.1993) (citing May v. State, 524 So.2d 957, 966 (Miss.1988)). Accordingly, we are of the opinion that the testimony of the witnesses established the corpus delicti in this case as it related to the grand larceny and false pretense charges.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION ON COUNT I OF GRAND LARCENY AND SENTENCE OF FIVE YEARS AND FINE OF $1,000; COUNT II OF FALSE PRETENSE AND SENTENCE OF THREE YEARS AND FINE OF $1,312.74, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONSECUTIVELY TO SENTENCE IN COUNT I. ALL COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.

. In his brief, Anderson’s attorney claims that the "exchange receipt appears to have made it into the record as State’s Exhibit #1." A review of the record reveals that the receipt was marked for identification as an exhibit for the State; however, there is no evidence that the receipt was actually introduced into evidence.